Submitted on brief July 11; affirmed July 21, 1931

## ODRLIN *v.* DUGAN
### (1 P. (2d) 599)

*Morris & Kimmell,* of Portland, for appellant.
*Davis & Harris,* of Portland, for respondent.

KELLY, J. Defendant seeks a reversal of the judgment of the circuit court because of alleged erroneous and conflicting instructions to the jury, and because of the alleged error of the circuit court in overruling defendant's motion to set aside the judgment and verdict and grant a new trial on the grounds that the testimony was not sufficient to support the verdict, and that the verdict was excessive.

■ It is claimed that the court erred in instructing the jury that it might assess damages for pain and suffering that the plaintiff might endure in the future. "It it well settled that in personal injury cases the plaintiff may recover, not only for the pain and suffering already experienced, but also for what of suffering the preponderance of the testimony establishes will accrue from the injury in the future." The rule is that, in order to warrant the trial court in submitting the question of alleged future suffering to the jury, at least a probability of such element of damage must be

shown to exist. It is not enough to disclose a mere possibility of future suffering: *Rugenstein v. Ottenheimer*, 70 Or. 600 (140 P. 747).

■ The plaintiff testified as follows:

"Q. Well, if you know, tell the jury without my leading you what injuries you received and how it affected you?

"A. A cut on my left leg; my chin was all skinned off; and my back is strained and I don't feel good since. * * *

"Q. Would you mind telling the jury about how long it was before you could do any more work?

"A. It was a long time; I am not hardly able to do any work since then.

"Q. Tell the jury how it affects you, if you attempt to do anything how do you feel?

"A. Every time, it is my back—It seems like I can do it, and when I start to do it, it seems I can't do it.

"Q. How old are you?

"A. Thirty-six.

"Q. Did you ever have any trouble with your back before this accident?

"A. No."

When it is borne in mind that the accident occurred on September 3, 1928, and that the plaintiff was testifying as above outlined on March 26, 1930, or more than a year and a half later, it must be conceded that this testimony establishes a probability that for sometime in the future plaintiff will suffer pain.

■ Defendant's second assignment of error urges that the instruction to the effect that, in assessing damages, the jury might take into consideration pain and suffering which they found plaintiff would endure and suffer in the future, is inconsistent with the instruction that the jury should not base their verdict upon the theory that the injury or injuries were per-

manent. There is no inconsistency in these instructions. If the court had instructed the jury that an award might be made for pain and suffering, but not for future pain and suffering, certainly it could not be said that such an instruction was ambiguous or inconsistent. In the case at bar, the learned trial judge instructed, in effect, that for such future suffering as the jury found that the plaintiff would endure, an award might be made, but not on a basis that the plaintiff's injuries were permanent. There is a difference between permanent injuries and future pain and suffering. There may be future pain and suffering where there are no permanent injuries: *Kroell v. Lutz* (Mo. App.), 210 S. W. 926. There was no conflict in the two instructions mentioned.

■ Defendant's third assignment of error is to the effect that the trial court erred in overruling defendant's motion to set aside the verdict and judgment on the ground that the evidence was insufficient to justify the verdict. In arguing upon this assignment, defendant seeks to overcome the prima facie case of negligence established by plaintiff's testimony as to excessive speed by referring to testimony in behalf of defendant tending to show that plaintiff had been drinking and that defendant's taxicab was equipped with a governor which would not allow it to go over thirty miles an hour. In this state of conflicting testimony, it was the prerogative of the jury to determine the issue; and no error was committed by the trial court in declining to override the result of the jury's deliberation on that phase of the case. Defendant also urges that the amount of the verdict is excessive and that the trial court should have granted a new trial on that ground. Defendant cites the case of *Pickett v.*

*Town of Monroe,* 47 App. Div. (N. Y.) 629 (63 N. Y. S. 30), on this point. In that case a strong dissenting opinion was rendered.

■ In the case at bar, while the judgment is large, we find nothing in the record indicating that the jury were actuated by passion or prejudice. No objections of defendant to testimony were overruled and no exceptions were taken by defendant to any of the court's instructions. The circuit court did not abuse its discretion in overruling defendant's motion to set aside the verdict and judgment.

■ Plaintiff urges that this court should not review assignments of error based upon alleged erroneous instructions, when at the trial no exceptions were taken thereto, although later the attention of the trial court was called to such alleged error by means of a motion for a new trial. In this case we have not acted upon that rule for the reason that this court has announced a contrary doctrine: *Ordeman v. Watkins,* 114 Or. 581, 589 (236 P. 483); *Spokane County v. Pacific Bridge Co.,* 106 Or. 550 (213 P. 151).

The judgment of the circuit court is affirmed.