Argued January 11; affirmed February 26; rehearing denied
April 2, 1935

# SHAEFER *v.* INVESTORS' COMPANY OF OREGON

(41 P. (2d) 440)

*John S. Coke,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Paul R. Harris,* of Portland (Davis & Harris, of Portland, on the brief), for respondent.

CAMPBELL, C. J.   At the time of the injury herein complained of, plaintiff was a tenant in an apartment house owned and operated by defendant, an Oregon corporation.  Part of the equipment of said apartment house, kept for the use and benefit of the tenants, was an electric power-driven washing machine and wringer. The wringer had a trigger-like device upon the top thereof which, when pressed down, immediately separated the rolls that squeezed the water from the clothes. This machine was in a good state of repair.

On October 2, 1932, plaintiff, while using said wringer had her hand drawn in between the rolls, and her fingers and hand were badly injured.

On January 27, 1933, she filed a complaint against defendant to recover compensation for the damages thus sustained.  After alleging the foregoing facts which were not denied by defendant, she further alleged in effect that said injury was caused by defendant's negligence, in that notwithstanding that it had knowledge that plaintiff did not know how to operate the said machine and of the means provided on said machine to avoid the injury plaintiff received, failed to warn her of such danger or to instruct her in the use of the safety device provided on said machine to obviate such danger, and alleged that she was damaged in the sum of $10,000.

Defendant filed his answer which, after admitting the facts first above stated, admitted that plaintiff re-

ceived some injury at the time and place and in the manner alleged in the complaint; alleged, in effect, that whatever injury she received was due to her own carelessness and negligence and denied that plaintiff was damaged in any sum whatever.

For a further and separate defense it plead, in effect, that prior to October 2, 1932, it had carefully explained to plaintiff the method of operating said wringer and more particularly the safety device thereon so as to avoid any possibility of injury to the operator, and that plaintiff knew and understood how to operate said washing machine and wringer but that notwithstanding her knowledge she was negligent in its operation and that negligence contributed to and was the proximate cause of the accident; that she negligently placed some wet clothes in the wringer while the same was in operation in such a manner as to cause her hand to be drawn with said clothing into the wringer and between the rolls and that she failed to disconnect or release said wringer; that she failed to observe that she was placing her hand into said wringer and between the rolls while the same were in motion; that she failed and neglected to exercise that degree of care which a person of ordinary care and prudence would and should have exercised under the attendant circumstances.

The plaintiff, in her reply, denied all the new matter set up in the answer.

The case duly came on for trial and the jury returned a verdict in favor of plaintiff and judgment was entered thereon. From that judgment, defendant appeals.

Assignments of error are based on the court's refusal to direct a verdict for defendant on the grounds: (1) That the evidence fails to show any negligence on the part of defendant, and that defendant owed plaintiff

no duty to instruct her in the operation of the machine; (2) that the plaintiff's injuries were the proximate result of her own negligence; (3) that there was no claim by plaintiff that the machine was defective or out of repair; (4) that the machine at the time of the accident was in good working order and free from discoverable defects; (5) that plaintiff knew how to operate the lever by which the power could be turned off or on but she made no effort to turn off the power.

■ The gist of plaintiff's action is the failure of defendant to instruct her in the operation of the machine. The wringer in question is an electric power-driven machine. It compresses the water out of the wet clothes by means of two vulcanized rubber rollers, horizontally arranged so that they can be forced tightly against each other by means of thumb screws. It has a trigger-like safety device by means of which the rollers can be readily disengaged. The wet clothes must be fed into it by being pressed against the rollers while they are in motion so that they will catch the clothes and draw them through. Of course, there is always danger of getting the fingers and hands caught, and in that case the safety device must be used at once. It is of no avail to stop the machine once the hand is caught except that the hand would not be drawn further in between the rollers, but it would be impossible to extract the hand, without further injury, except by releasing the pressure on the rollers by means of the safety device. The very fact that it is provided with such a safety device is evidence that it is a dangerous instrumentality. The defendant having furnished plaintiff with a power-driven machine, capable of causing serious injury, it was its duty to instruct plaintiff fully how to avoid the danger of such injury, and having undertaken that duty

it was bound to properly discharge it: 45 C. J. 650;
Wharton on Negligence (2d Ed.) 437. This, the plain-
tiff alleges, defendant failed to do and there is testi-
mony tending to support that allegation. Plaintiff tes-
tified that the only instruction she received was from
the janitor, the employee of defendant, who instructed
her how to start and stop the wringer in operation but
told her nothing about the safety device. The defendant
did not call the janitor to dispute this statement nor was
it contradicted by any other testimony.

■■ The question of contributory negligence is usu-
ally one for the jury. The plaintiff testified as to the
way the accident happened. There is nothing in her tes-
timony to show that she was negligent. She was running
a large turkish bathtowel through the wringer when the
towel became twisted. ''I put my hand over it to untwist
it and in doing so the towel went over my hand and
before I realized it, it drew my hand into the wringer.''
The court could not say, as a matter of law, that such
acts constituted negligence.

■ Power-driven machines are frequently most
dangerous to unskilled and uninformed operators
when in the best of condition and state of repair to do
the work for which they are intended. A high-powered
automobile would be a dangerous instrumentality if
used by one who knew nothing about its operation other
than to turn on and off the power to start and stop it.
On a steep hill, if such a person were to attempt to
drive such a machine and was not instructed in the use
of the brakes or the use of the steering gear, he would
very likely come to grief and suffer severe injuries.

■ The mere fact that the plaintiff knew how to oper-
ate the levers, by which the power could be turned off
and on, would be no defense. What defendant intends

to convey by the above contention is that plaintiff knew how to operate the lever which started, stopped and reversed the rollers. As above stated, it would avail her nothing to operate this lever. If she stopped the rollers, her hand would still be firmly held. If she reversed them, it would simply mean that she would suffer more injury by having the rollers go over her hand and fingers again. She, however, did know how to stop the machine and did turn off the power by means of the switch and then shouted lustily for help, her hand remaining in the machine until the janitor arrived and disengaged it by means of the safety device.

The court properly submitted all questions to the jury, and carefully instructed them on the law relating thereto. No point is raised in the brief of appellant in regard to any of the instructions given.

Finding no error, the judgment of the circuit court will be affirmed. It is so ordered.

BEAN and BAILEY, JJ., concur.

RAND, J., dissents.