Argued September 12, affirmed October 10, 1962

# FREITAG *v.* EVENSON ET UX

### 375 P. 2d 69

*Asa L. Lewelling,* Salem, argued the cause for appellants. On the brief were Lewelling & Gies, Salem.

*Lawrence N. Brown,* Salem, argued the cause for respondent. With him on the brief were Bell & Gehlen, Stayton.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Lusk, Justices.

SLOAN, J.

Plaintiff, a tenant of defendants, brought this action to recover for injuries she sustained when she fell into a concealed septic tank on the premises she had rented from defendants. Defendant Even Evenson is the only defendant actually involved in this case so we will refer to the singular "defendant" throughout. The case was tried to the court without a jury. The court found for plaintiff. Defendant appeals. Defendant has contended in the trial court and here that there was no legal liability owed to plaintiff by defendant. The issue was appropriately raised in the trial court by motions to strike the specifications of negligence.

The rented residential premises were located in Idanha a small community in eastern Marion county. Defendants had acquired the property in 1951. It was apparently acquired for rental purposes. In the summer of 1952 defendant built the septic tank in question. It was constructed of cedar planks and buried in the lawn of the premises. It was located in a portion of the lawn that would normally be used by occupants of the house. None of the wood used was treated with a preservative to prevent rot or other deterioration. The top of the tank was constructed of a double layer of two inch cedar planking and was about eight inches below the level of the lawn surface. The lawn had been leveled. No one would be aware of the location of the tank unless told where it was situate. Defendant did not at any time tell plaintiff of the location of the tank.

The accident complained of occurred on September 19, 1960. Plaintiff had then occupied the premises for about two months. She chanced to walk over the spot below where the tank was buried and was suddenly precipitated into the tank beneath as though she had fallen through a trap door. Later it was evident that the planks which formed the top of the tank had rotted. Defendant as a witness, admitted the rot. He also testified that he was a journeyman carpenter and that he had built maybe 25 or so septic tanks of similar construction within the community. In answer to the question: "In your opinion as a journeyman carpenter was this sound construction?" He answered: "Well, I don't know. I can't say it was really, but that is all they used up there." He gave as his opinion that a tank built as this one would last 12 years, but he also stated that he had no basis for that opinion. Plaintiff testified that at some time prior to the accident, defendant had mentioned to her that the tank was too small for the number of people occupying the house. The only significance we attach to that evidence was that it indicated defendant was conscious of the tank.

■ Defendant relies on the rule that a landlord owes no duty to repair leased premises in the absence of agreement to do so and that a tenant takes the premises as he finds them. Defendant places particular reliance on *Asheim v. Fahey et al*, 1943, 170 Or 330, 133 P2d 246, 145 ALR 861. In the Asheim case a ceiling had fallen and injured plaintiff. The court held that there could have been no duty upon defendant to inspect because inspection would have been futile. The court said that there was no evidence of a defect in the ceiling nor any condition known to defendant or observable by him to indicate a need for inspection.

We think the facts of the case distinguish it from the case at issue.

■ The rule we believe should be followed in cases like this one has been best stated in *Johnson v. O'Brien,* 1960, 258 Minn 502, 105 NW2d 244. We take this statement from the syllabus, prepared by the court:

> "Where a landlord has information which would lead a reasonably prudent owner exercising due care to suspect that danger exists on the leased premises at the time the tenant takes possession, and that the tenant exercising due care would not discover it for himself, then he must at least disclose such information to the tenant." 105 NW2d at 245.

We think the rule just stated provides a workable test to submit to a jury, or be exercised by a court in a case tried to the court, to determine the liability of the landlord in a situation like this which involves a concealed potential or actual hazard. The rule stated is neither new nor uncommon. It is expressed in much the same language in 1 Tiffany, Landlord & Tenant, § 86, 568, 569 (1910 ed). Another older commentary expressing the same thought and frequently cited in later cases and texts is Harkrider, Tort Liability of a Landlord, 1927-28, 26 Mich L Rev 260, 264 et seq. For more recent examination of the authorities and similar conclusions, see Prosser, Torts, Chapter 15, 466 (1956 2d ed); 2 Harper & James, Torts, § 27.16, 1508 (1956 ed); 32 Am Jur, Landlord & Tenant, § 671, 538.

We are aware that 2 Restatement, Torts, Chapter 13, § 358, subscribes to the rule that the landlord must have actual knowledge of the defect before liability can be imposed. The more prevailing thought, which we adhere to, has been that the landlord can

be held if he possesses knowledge which would lead a reasonable man "* * * to suspect the existence of the dangerous conditions as well as when he actually knows of them * * *." 1 Tiffany, Landlord & Tenant, supra, page 568.

Most of the courts have followed the reasoning of Tiffany when he explains, a few sentences later, that: "Were the lessor to be regarded as liable only on proof of his actual knowledge of the defects or damages, he might, by purposely refraining from inquiry into the presence of dangerous conditions, though having reason to believe that such exist, entirely escape liability."

■ The evidence in the case at hand supported the finding of the trial court that defendant had reasonable cause to suspect the existence of a defect that could not have been discovered by plaintiff with a most diligent inspection. If a jury had been the trier of fact the case would have required determination by the jury. Judgment affirmed.