Argued October 6, 1969, affirmed July 22, 1970

NELSON, *Respondent, v.*
TWOROGER ET UX, *Appellants.*

472 P2d 802

*Sam F. Speerstra,* Salem, argued the cause for appellants. On the brief were Rhoten, Rhoten & Speerstra, Salem.

*James E. Redman*, Milwaukie, argued the cause for respondent. On the brief were Redman & Carskadon and James R. Carskadon, Jr., Milwaukie.

Before PERRY, Chief Justice*, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,** DENECKE and HOLMAN, Justices.

SLOAN, J.

Defendants are the owners and operators of the Surftides Resort and Hotel in Lincoln City. At about 3 a.m. on December 11, 1966, plaintiff and her new husband arrived at the Surftides for their honeymoon. The room they were assigned opened onto a small patio. Next to the patio there was a small area of Welch grass. The top of a seawall bordered the grass. The seawall was about 10 feet in height. The top of the wall, which was level with the ground and patio, was about one foot in width.

The next morning, plaintiff walked out on the patio, stood on the seawall and turned to wave to her husband, who was inside the room. She testified that a sudden gust of wind caused her to fall from the seawall to the sandy beach below. The injuries she alleges she received from the fall form the basis of this action. She prevailed by a jury verdict and judgment. Defendant appeals.

The first assignment of error claims that there was no evidence to sustain any of the specifications of negligence in the complaint. The first specification is that defendant failed to provide a safe place to walk and stand. The second is a failure to warn of the like-

* Perry, C.J., retired June 1, 1970.
** Goodwin, J., resigned December 19, 1969.

lihood of gusts of wind and the third is the failure to have a guardrail on the top of the seawall.

■ It appears to us that the evidence does support the theory that a guardrail would have prevented the accident. It would seem very reasonable for the jury to infer that the situation required a guardrail and that failure to provide one was the cause of the fall.

Defendants, in part, counter this argument with evidence indicating that at this time of the year (December), they had placed plywood barriers about two and one-half feet in height along the edge of the patio. They said the purpose of this barrier was to break the force of the sea water coming over the seawall in winter storms. Defendants' witness testified that this barrier was in place when plaintiff occupied the room and that plaintiff would have been obliged to climb over this barrier to reach the spot from which she fell. Plaintiff testified that the barrier was not there and that she could walk freely from the door of the room to the top of the seawall.

If we assume that the presence of the barrier would have been a limit to plaintiff's invitation to use the premises, the conflict in the testimony would require the jury to resolve it. Without the barrier, we could infer that one of the anticipated uses of the room would be a walk to the top of the seawall. It would appear to be part of the patio. It was not error to fail to direct a verdict.

■■ The second assignment is based on an exception to an instruction. The instruction told the jury it could consider "* * * such pain and suffering in which it is reasonably probable the plaintiff will suffer in the future * * *." Defendant claims it was error to give this instruction. The exception made to the in-

struction stated "that there is no evidence or any claim of evidence of permanent injury or future damage." In *Skultety v. Humphreys*, 1967, 247 Or 450, beginning at 455, 431 P2d 278, 281, this court reviewed several of the older cases which distinguished future pain from permanent injury and again stated the rule that future pain is a proper element of general damages. On the basis of this rule, future pain is covered by an allegation of general damages. In *Odrlin v. Dugan*, 1931, 137 Or 140, 142, 1 P2d 599, it was specifically mentioned that evidence of continued pain at the time of trial, 18 months after the accident "establishes a probability that for sometime in the future plaintiff will suffer pain." Identical evidence was presented in the instant case. There was no error in the instruction complained of.

Affirmed.