JEFFERIS, *Appellant,*
*v.*
ARDEN-MAYFAIR, INC., *Respondent.*
(No. 37905, CA 10768)
592 P2d 271

Jeffrey C. Hollon, Newport, argued the cause and filed the brief for appellant.

Charles H. Cusick, Lincoln City, argued the cause for respondent. With him on the brief was Cusick & Beal, Lincoln City.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is an action to recover damages for injuries sustained by plaintiff when she slipped and fell in defendant's store. At the close of plaintiff's case, the trial court granted defendant's motion for an order of involuntary nonsuit, and plaintiff appeals. We reverse and remand.

The evidence is viewed in the light most favorable to plaintiff. *James v. Carnation Co.*, 278 Or 65, 562 P2d 1192 (1977).

On September 17, 1976, plaintiff entered defendant's grocery store and made certain purchases. As she was leaving the checkstand and heading toward the exit, she slipped on some grapes and fell to the floor, sustaining injuries to her knees and back.

The question on appeal is whether the court erred in not submitting the issue of defendant's negligence to the jury. Plaintiff claims there was sufficient evidence presented from which the jury could have concluded that, in the exercise of reasonable care, defendant knew or should have known that the grapes were on the floor and should have removed them.

Plaintiff contends that the jury could have inferred that defendant knew or should have known of the presence of grapes on the floor because, at the moment she fell, the assistant manager exclaimed, "Oh, those damn grapes. They are everywhere." She argues that this remark imputes to defendant a prior knowledge that grapes were on the floor. In addition to the remark by the assistant manager, plaintiff points to the testimony of the manager that when grapes are on sale, as they were that day, they are not placed in plastic webbing (which is the usual way of wrapping them), but are instead wrapped in an open ended fashion with a sheet of plastic which might allow loose grapes to drop to the floor. She also points to the testimony of two local grocers that when grapes are sold, greater precautions are necessary to keep the

[379]

floor clean because of the hazards of loose grapes and the likelihood they will be dropped on the floor by customers or employes.

Defendant relies on *George v. Erickson's Sunnyslope Supermarket, Inc.*, 236 Or 64, 386 P2d 801 (1963), in arguing that the assistant manager's remark about the grapes is insufficient to raise an inference of knowledge. There, the plaintiff was injured when she slipped on a strawberry lying on the floor of defendant's grocery store. There was evidence that immediately after the accident, one of the checkers stated, "that should have been cleaned up." Plaintiff in that case contended that the checker's statement imputed to defendant a prior knowledge that the strawberry was there. The Supreme Court, however, held that the statement was "equivocal" and, when diluted by the checker's subsequent testimony that she had not in fact seen any strawberries on the floor, was insufficient to raise an issue of negligence for the jury.

In the case before us, we think the assistant manager's statement is not so equivocal as the statement in *George*, nor was it diluted by any subsequent testimony by the assistant manager to the effect that he had not seen any grapes on the floor that day. To the contrary, the assistant manager acknowledged generally that he had seen grapes loose on the floor although not necessarily on the day of the accident, and that grapes have a tendency to "scatter like mad" when they fall. Coupled with the testimony of other local grocers that greater precautions are taken when grapes are sold because of the likelihood they will be dropped to the floor by customers or employees, this evidence would support a reasonable inference that defendant knew or should have known of the presence of grapes on the floor.

We find the case before us to be analogous to *Pribble v. Safeway Stores*, 249 Or 184, 437 P2d 745 (1968) and *Collins v. Kienow's Food Stores*, 251 Or 16, 444 P2d 546 (1968). In both cases the plaintiff fell on a

wet and slippery entranceway to defendant's store and there was evidence that defendant actually knew of the existence of water on the floor or should have known of the fact based upon testimony that it was raining and that on rainy days water accumulated on the inside of the entranceway. Similarly, here, the general knowledge that when grapes are on sale greater precautions are necessary to keep the floors safe, and the assistant manager's acknowledgement that grapes were "everywhere" raises an inference of actual or constructive knowledge sufficient to survive a motion for involuntary nonsuit.

Reversed and remanded.