Argued and submitted October 29,
reversed and remanded December 10, 1979

# WEAVER,
*Appellant,*
v.
# FLOCK, et al,
*Respondents.*

## (No. 38048, CA 13510)

603 P2d 1194

Charles W. Creighton, Jr., Salem, argued the cause for appellant. With him on the brief was C. W. King, Lincoln City.

Robert W. Muir, Salem, argued the cause for respondents. With him on the brief was Rodney W. Miller, Salem.

[505]

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff filed a complaint alleging she was injured when a chair in her motel room collapsed. Defendants, who own and operate the motel, were granted summary judgment by the trial court. Plaintiff appeals.

At the time of the accident, plaintiff had been staying at defendants' motel about 4 months, paying a monthly rate. From these facts the parties argue at tedious length over whether their relationship was innkeeper-guest or landlord-tenant. This is a red herring. Plaintiff's complaint alleges the chair that collapsed was

> "* * * in a weakened condition, rendering it likely to break or collapse. Defendants were negligent and careless in supplying it for Plaintiff's use in that they knew, or in the exercise of due care should have known, of its weakened condition. At the time of the chair's collapse Plaintiff was using it in the customary, normal and intended manner."

This allegation states a cause of action for common-law negligence regardless of whether the parties' relationship was innkeeper-guest or landlord-tenant.[1]

---

[1] If defendants' relationship with plaintiff was that of innkeepers, their duty to protect plaintiff from known dangers is stated in Restatement (Second) of Torts § 314A, and has been recognized in, *e.g.: Nelson v. Tworoger,* 256 Or 189, 472 P2d 802 (1970); *Mickel v. Haines Enterprises, Inc.,* 240 Or 369, 400 P2d 518 (1965); *Danner v. Arnsberg et al,* 227 Or 420, 362 P2d 758 (1961); and *Ritchie v. Thomas et al,* 190 Or 95, 224 P2d 543 (1950). *See generally,* Annotations, 21 ALR2d 454 (1952) and 18 ALR2d 975 (1951).

If defendants' relationship with plaintiff was that of landlords, the analysis is a bit more complicated but the conclusion is the same. Restatement (Second) of Torts § 358 states landlords have a duty to warn tenants of any known dangerous "condition" which involves unreasonable risk of harm. This principal has been recognized in, *e.g.: Jackson v. Wyant,* 265 Or 9, 506 P2d 693 (1973); *Macomber v. Cox,* 249 Or 61, 435 P2d 462 (1967); *Freitag v. Evenson et ux,* 232 Or 225, 375 P2d 69 (1962); and *Shaefer v. Investors' Company,* 150 Or 16, 41 P2d 440 (1935).

Restatement (Second) of Torts §§ 388 and 407, read together, provide that the lessor of a "chattel" has a duty to warn his lessee of known dangerous conditions. It is not clear whether the chair involved in this case should more properly be regarded as a "condition" within the meaning of Restatement (Second) of Torts § 358 or a "chattel" within the meaning of Restatement (Second) of Torts §§ 388 and 407; but that matters not for present purposes because defendants' duty was substantially the same in either event.

There is another nonissue. Defendants contend the summary-judgment record conclusively establishes that plaintiff knew of the dangerous condition of the chair before its collapse. True, the deposition of a person who visited plaintiff some time before the accident reports that plaintiff told that person not to sit on a certain chair because it was not safe. Defendants fail to note, however, the same person's testimony in the same deposition about another visit with plaintiff after the accident:

"Q    * * * I really want to just kind of center on * * * the language [plaintiff] may have used when she indicated she was injured from the same chair you almost sat on.

"A    She didn't mention it, that it had been the same chair I sat on.

"Q    Okay.

"A    I just kind of took that must be the same chair.

"Q    Okay. That's what I am trying to get at, whether it was something you concluded.

"A    That was something I concluded.

"Q    Or whether she indicated it was the same chair.

"A    No, she didn't say that that was the same chair."

Such evidence might possibly be the basis of a jury argument about plaintiff's knowledge of the condition of the chair, but for summary-judgment purposes it does not conclusively establish anything.

Which brings us to the only real issue. Plaintiff's complaint alleged defendants knew or, in the exercise of due care, should have known of the weakened condition of the chair. Defendants submitted affidavits in support of their summary-judgment motion in which both stated: "I was not aware of a defective chair on the premises at the time plaintiff rented or thereafter." Plaintiff submitted no relevant counter-affidavit. It was thus established for summary-judgment purposes that defendants lacked actual knowledge of any defective condition.

[508]

But nothing in this record addresses the should-have-known prong of plaintiff's complaint. When the dispositive issue is whether certain conduct does or does not amount to negligence,

> " '* * * Summary judgment for the defendant may be granted only when the court can say that the defendant's conduct clearly meets "the standard of reasonable conduct deemed to have been set by the community." ' " *Uihlein v. Albertson's, Inc.,* 282 Or 631, 637, 580 P2d 1014 (1978), *quoting from Stewart v. Jefferson Plywood Co.,* 255 Or 603, 607, 469 P2d 783 (1970).

Given the present absence of any evidence about what the defendants should or should not have known about the condition of the chair in plaintiff's motel room, we cannot now say that as a matter of law their conduct meets the community standard of reasonableness. *See also, Hoefer v. Cope,* 40 Or App 275, 594 P2d 1300, *rev den* 287 Or 215 (1979); *Jefferis v. Arden-Mayfair Inc.,* 39 Or App 377, 592 P2d 271 (1979). There remains an issue of fact to be tried, and summary judgment is inappropriate at this point.

Reversed and remanded.