Argued October 3, affirmed November 20, 1963

## GEORGE *v.* ERICKSON'S SUNNYSLOPE SUPERMARKET, INC.

386 P. 2d 801

*Al J. Laue,* Salem, argued the cause for appellant. With him on the brief were Williams & Skopil, Salem.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PERRY, J.

This is an action for damages resulting from personal injuries sustained by plaintiff while shopping at defendant's food market. The trial court directed a verdict in favor of defendant. From this judgment plaintiff appeals.

The facts are not in dispute. On May 30, 1961, plaintiff entered defendant's grocery store to make certain purchases. After selecting the desired items and passing through the check stand, plaintiff slipped on a strawberry lying on the floor and fell heavily on her back. The resulting injuries required hospitalization and extensive medical expenses.

At the trial, plaintiff introduced evidence that immediately after the accident one "Frenchie" Schumacher, a grocery checker at the store, stated, "that should have been cleaned up." It was contended that this statement imputed to defendant a prior knowledge that the strawberry was there. Schumacher testified, however, that she had not seen any strawberries on the floor prior to the accident. Following this testi-

mony the court granted defendant's motion for a directed verdict.

The sole question on appeal is whether the court erred in not submitting the issue of defendant's negligence to the jury.

■ The law applicable to invitees who are injured by slipping on a foreign substance is well settled in Oregon. As enunciated in *Cowden v. Earley,* 214 Or 384, 327 P2d 1109, an invitee must show either (1) that the substance causing her to slip and fall was placed on the floor by defendant, or, (2) that defendant knew that the substance was there and failed to use reasonable diligence to remove it, or (3) that the substance had been there for such a length of time that the occupants should have, by the exercise of reasonable diligence, discovered and removed it.

■ Plaintiff has elected to base her case on the second proposition, that defendant possessed knowledge that the strawberry was lying on the floor and failed to exercise reasonable diligence to remove it. Only the equivocal statement of Frenchie Schumacher was offered in support of this argument. When the probative value of this statement was diluted by Schumacher's subsequent testimony that she had not in fact seen any strawberries on the floor, the court properly directed a verdict for the defendant. The rule is stated by Prosser on Torts, Second Edition, Section 42 at page 200, and quoted with approval in *Secanti v. Jones,* 223 Or 598, 349 P2d 274, 355 P2d 601; and *Eitel v. Times, Inc.,* 221 Or 585, 352 P2d 485, as follows:

"* * * What is required is evidence from which reasonable men may conclude that, upon the whole, it is more likely that there was negligence than that there was not. Where the conclusion

is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that the burden of proof has not been sustained."

Under such circumstances, it was the duty of the trial court to direct a verdict for the defendant.

The judgment is affirmed.