Argued June 4, reversed and remanded August 23, 1968.

## COLLINS, *Appellant, v.* KIENOW'S FOOD STORES, *Respondent.*

444 P. 2d 546

*Raymond J. Conboy,* Portland, argued the cause for appellant. On the brief were Pozzi, Levin & Wilson and Richard Noble, Portland.

*James F. Spiekerman,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and Roland F. Banks, Jr., Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries suffered when plaintiff fell on a wet surface just inside the entrance of defendant's supermarket. The trial court granted defendant's motion for an involuntary nonsuit. Plaintiff appeals.

Plaintiff, a 58-year old woman, entered defendant's store and as she stepped off the rubber pad used to actuate the automatic doors she fell, causing her injuries. It had been raining on the day of the fall and the floor near the entrance was wet from rain water carried into the store by the customers. The floor sloped downward from the rubber pad at the entrance. Plaintiff fell at the lower end of this slope or ramp. The floor covering was resilient linoleum or rubber tile. An expert witness testified that it was a type of floor covering which would not absorb water and that if the floor was wet it would be slippery when stepped on by a person wearing a shoe with a smooth sole impervious to water. Plaintiff was wearing rubber soled shoes which she described as "rubber thongs." The shoes were not introduced into evidence and the surface of the sole was not described.

Defendant's assistant manager testified with respect to the condition of the floor as follows:

"Q Did you look at the area where she fell on this occasion?
"A Yes.

"Q Was there water there on that occasion?
"A Yes, it was wet.
"* * * * *

"Q Do you recall what the weather was that day?

"A Raining.

"Q Now, on days when the weather is wet and it's raining outside, does water accumulate on the inside of the entrance way?

"A Quite a bit, yes.

"Q And had it done this on times prior to this accident?

"A Oh, yes.
"*    *    *    *    *

"Q I assume that it is periodically waxed and maintained?

"A Oh, yes; every two weeks.
"*    *    *    *    *

"Q Now, sir, do you take any measures to prevent this water from accumulating around the area of the entrance way?

"A Well, when we have chances we mop it up.

"Q And in addition to the mopping, is there anything else that you do.

"A Yeah. We have a rug we lay down and then when it gets soaked up, we have to take it away.

"Q Now, was there—what type of rug is this?

"A Well, it's just a cotton rug that we have down so they don't slip on it when they step on it.

"Q Was this rug present there on that evening?

"A No, I don't believe it was. I don't know if it was there before that, but it was not at the time.
"*    *    *    *    *

"Q Do I take your answer to mean that on other times before the accident happened on rainy days you would have a rug there?

"A Yeah, m-hm."

There was evidence that absorbent mats were in "general use" in commercial buildings in Portland.

The facts are very similar to those in *Pribble v. Safeway Stores, Inc.*, 249 Or 184, 437 P2d 745 (1968), where we held that the trial court erred in not submitting the case to the jury.

As in *Pribble,* plaintiff was not aware of the wet condition of the floor. In the present case the evidence of defendant's knowledge of the slippery condition of the floor was not as direct as it was in *Pribble* but we think that it was sufficient.

Defendant makes a point of the fact that no evidence was introduced to show that plaintiff's shoe was smooth and non-absorbent. Under the circumstances of this case the jury could reasonably infer that her shoe did not provide the necessary traction to prevent slipping.

The duty of store owners in the slip and fall cases was adequately discussed in *Pribble v. Safeway Stores, Inc., supra,* and what we said there is applicable in the present case.

The judgment is reversed and the cause is remanded for a new trial.

McALLISTER, J., dissenting.

The majority hold that this case is controlled by *Pribble v. Safeway Stores, Inc.*, 249 Or 184, 437 P2d 745 (1968). I dissented in that case, and for the same reasons dissent in this case. I wish to add only that my comments in *Pribble* about the rain in Oregon were intended to apply primarily to the western part of the state, where both of these cases arose.

PERRY, C. J., joins in this dissent.