Argued March 5, affirmed April 1, 1975

WEISKOPF, *Appellant, v.* SAFEWAY STORES, INCORPORATED, *Respondent.*

533 P2d 347

*Charles V. Elliott,* Portland, argued the cause for appellant. With him on the brief was Elliott & Davis, Portland.

*Michael J. Gentry,* Portland, argued the cause for respondent. With him on the brief was Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

HOLMAN, J.

Plaintiff injured two fingers on her right hand when she fell while exiting defendant's store. She claims she slipped on a greasy or oily substance on a rubber mat outside the door. At the conclusion of plaintiff's case the trial court granted defendant's motion for an involuntary nonsuit and plaintiff appealed.

Plaintiff alleged that defendant was negligent because either (1) it caused the substance to be spilled, (2) it allowed the substance to remain on the mat, knowing it was there, or (3) in the exercise of reasonable care it should have known that the substance was there and removed it. There was no evidence that defendant spilled the substance or knew that the substance was there.

The real issue in the case is whether the jury may be permitted to draw the inference that the substance was on the mat a sufficient length of time that defendant should have known of its presence and removed it in the exercise of reasonable care. The only evidence from which such an inference could be drawn is from the testimony of defendant's manager. He testified that the usual schedule of sweeping both inside and outside was at 9 a.m., 1 p.m., 4 p.m., and at such times thereafter as was necessary. The manager also testified that all store personnel were instructed to examine constantly what was underfoot while performing their usual duties. There was evidence from which it could be found that the accident occurred between noon and 1 p.m.

In *Pavlik v. Albertson's, Inc.*, 253 Or 370, 454 P2d 852 (1969), we decided this exact question and

held that such an inference could not be drawn since it was just as probable that the substance was spilled immediately before the accident as it was that it was spilled three hours previously or at any other time. We have numerous cases which hold that in the absence of proof from which a jury can draw an inference of how long the substance was on the floor, there is no basis to find defendant negligent. *George v. Erickson's Supermarket, Inc.,* 236 Or 64, 386 P2d 801 (1963); *Cowden v. Earley et al,* 214 Or 384, 327 P2d 1109 (1958); *Lee v. Meier & Frank Co.,* 166 Or 600, 114 P2d 136 (1941). Also see *Morrison v. Pacific Nw. Ser. Co.,* 146 Or 225, 245, 30 P2d 344 (1934).

The only authorities cited by plaintiff which are at all apposite are *Marlowe v. Food Fair Stores of Florida, Inc.,* 284 So2d 490 (Fla App 1973), and *Jenkins v. Brackin,* 171 So2d 589 (Fla App 1965). The first case held evidence that the floor had not been swept for a certain length of time and evidence from which it could be found that the area had been used exclusively by members of the store personnel since the last sweeping were sufficient to take the case to the jury. In such a situation an inference can be drawn that the defendant's employees deposited the substance on the floor and, thus, the defendant can be found responsible. No such inference can be drawn in this case.

The second case is directly in point. However, we cannot agree with its following language:

"* * * [E]vidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery." 171 So2d at 591.

We are unable to understand how one can draw an inference from the fact that the floor had not been swept or inspected for a specific time that a substance has been on the floor a sufficient length of time to be discovered in the exercise of reasonable care.

The judgment of the trial court is affirmed.