## DILLER, *Appellant,*

*v.*

## SAFEWAY STORES, INC., *Respondent.*

548 P2d 1304

*Robert C. Robertson,* Medford, argued the cause for appellant. With him on the briefs were Van Dyke, DuBay, Robertson, Paulson & Hilts, P.C., Medford.

*Paul E. Geddes,* of Geddes, Walton, Richmond, Nilsen & Smith, Roseburg, argued the cause and filed a brief for respondent.

Before O'Connell, Chief Justice, and Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

**HOWELL, J.**

This is an action to recover damages for injuries sustained by plaintiff when he slipped and fell in defendant's store. A jury returned a verdict for plaintiff; however, the trial court granted a judgment n.o.v. for the defendant, and plaintiff appeals.

The evidence is viewed in the light most favorable to plaintiff. *McVaigh v. Sandberg,* 266 Or 409, 513 P2d 801 (1973).

Plaintiff was walking through the produce section of defendant's store when he slipped and fell near a section containing lettuce. The lettuce was packed in ice. When plaintiff fell he felt something like ice under him, and the back of his pants were wet when he got up. There was evidence that the floor was vinyl tile and that plaintiff was wearing low-heeled boots. There was also testimony that someone picked up a small piece of lettuce after plaintiff had fallen and that there was also some water on the floor which was later mopped up by an employee. There was further testimony that after the incident one of defendant's employees indicated that the water should have been mopped up previously.

The accident occurred about 8:30 p.m. There was evidence that it was store policy to sweep the aisle in the produce section every 15 to 30 minutes, but the aisle apparently had not been swept after 7:30 p.m. There was also evidence that defendant knew that ice and water could get on the floor from the lettuce case and that the floor became slippery when wet.

Two allegations of negligence on the part of the defendant were submitted to the jury:

"In permitting the ice or water to remain on the floor for a long period of time which the Defendant knew, or should have known, existed at that time and place.

"In failing to warn the plaintiff of the dangerous conditions existing on the store premises which the defen-

dant knew or should have known existed at that time and place."

Plaintiff concedes that he did not establish any proof that defendant's employees were responsible for placing any water or ice on the floor, but plaintiff argues that there was a jury question as to whether defendant knew or should have known of the water or ice on the floor and that defendant failed to use reasonable diligence to remove it.

Plaintiff relies on *Pribble v. Safeway Stores,* 249 Or 184, 437 P2d 745 (1968), and *Collins v. Kienow's Food Stores,* 251 Or 16, 444 P2d 546 (1968). In both cases, the plaintiff fell on a wet and slippery entranceway to the defendant's store, and there was evidence that the defendant actually knew of the existence of the water on the floor. Also, in each of those cases we mentioned that mats or rugs were commonly used to prevent entranceways from becoming wet and slippery from customers coming in from the rain.

In this case there was no evidence that at any time prior to the accident any of defendant's employees actually knew that ice and water had been spilled on the floor. Moreover, the fact that the store's log book showed that the floor had not been swept for over an hour before the accident does not raise an inference that defendant should have known the water or ice was there and should have removed it in the exercise of reasonable diligence. It is just as reasonable to assume that the substance was spilled immediately before the accident as it is to assume it was spilled substantially earlier. *Weiskopf v. Safeway Stores,* 271 Or 630, 533 P2d 347 (1975).

Plaintiff, however, contends that the jury could have inferred that the ice had been dropped on the floor by a customer who had been handling the lettuce. Plaintiff argues that the jury could also infer that the ice had remained on the floor for an unreasonable length of time before the accident occurred. This second inference is to be drawn from testimony that there

was a small puddle of water on the floor shortly after the accident. Plaintiff's theory is that the puddle was formed by melted ice and that the ice must have remained on the floor an unreasonable length of time in order to form the puddle. However, it is at least as reasonable to assume that both the water and the ice were dropped on the floor at the same time while the lettuce was being handled. In the absence of proof from which a reasonable inference can be drawn as to how long the substance was on the floor, there is no basis for a finding of negligence. *See Weiskopf v. Safeway Stores, supra; Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969); *George v. Erickson's Supermarket, Inc.,* 236 Or 64, 386 P2d 801 (1963).

Plaintiff also relies on the decision of this court in *Bertrand v. Palm Springs,* 257 Or 532, 480 P2d 424 (1971). There, plaintiff was injured when she slipped and fell on the wet surface of a locker room near a swimming pool. However, in that case there was evidence that the defendant knew that water commonly gathered on the floor and that the defendant had used indoor-outdoor carpeting in other areas of the building to prevent those surfaces from becoming slippery. It is also significant that in *Bertrand* one of the allegations of negligence concerned defendant's failure to use a nonskid surface or carpeting on the floor.

In this case plaintiff made no similar allegation, and no evidence was received regarding defendant's failure to use matting or other nonskid material in the produce section. The only theories of negligence raised by this case and submitted to the jury concerned (a) defendant's failure to discover and correct the unsafe condition within a reasonable time, and (b) defendant's failure to warn of the unsafe condition. These are the only specifications of negligence before us in this appeal, and, therefore, we need not consider what other theories of negligence might have been applicable to these facts if they had been raised by the plead-

ings, subjected to proof at the trial and submitted to the jury under the court's instructions.[1]

We conclude that in this case there was no evidence that the ice and water had been on the floor for such a length of time that defendant, by reasonable diligence, should have discovered and removed it . Nor was there any other evidence of negligence. Therefore, the trial court properly granted the judgment n.o.v. *Cowden v. Earley,* 214 Or 384, 327 P2d 1109 (1958).

Affirmed.

**TONGUE, J.,** dissenting.

The controlling issue in this case, according to the majority, is whether there was any substantial evidence from which the jury could have properly found, as it apparently did, that defendant knew or should have known of the ice or water on the floor on which plaintiff claims to have slipped.

Thus, the majority ends its opinion by stating that:

"We conclude that in this case there was no evidence that the ice and water had been on the floor for such a length of time that defendant, by reasonable diligence, should have discovered and removed it. * * *"

In support of this conclusion the majority cites *Weiskopf v. Safeway Stores,* 271 Or 630, 533 P2d 347 (1975); *Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969); *George v. Erickson's Supermarket, Inc.,* 236 Or 64, 386 P2d 801 (1963). In all of those cases plaintiff slipped upon some substance at or near the entrance or exit of the store or after the plaintiff had passed through the check stand in leaving the store. None of them involved a customer who slipped and fell on water, ice, or a fragment of produce at or near a self-service produce rack, as in this case.

Courts of other states have recognized a vital distinction between such cases and those involving facts

[1] *See e.g., Torda v. Grand Union Co.,* 59 NJ Super 41, 157 A2d 133 (1959); *Ciminski v. Finn Corp. Inc.,* 13 Wash App 815, 537 P2d 850 (1975).

such as *Weiskopf, Pavlik* and *George* and have applied to such cases the well recognized rule, as stated in 61 ALR2d 6, 23-4 (1958), that:

> "* * * [W]here the floor condition is one which is traceable to the proprietor's own act—that is, a condition created by him or under his authority—or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary."

Among the cases applying that rule to cases involving similar facts is *Torda v. Grand Union Co.,* 59 NJ Super 41, 157 A2d 133 (1959), in which a customer slipped and fell on either water or a vegetable leaf near a self-service vegetable bin, which was filled daily with ice, upon which vegetables were placed, as in this case. In reversing the granting of an involuntary dismissal the court said (at 135-36):

> "Defendant argues that it was inferable that the water fell to the floor as the result of the handling by the customers of wet vegetables which they had taken from the bin. We accept this premise. It is then urged that such finding could not be made the basis of liability unless it was established that the defendant had notice, actual or constructive, of the presence of the water. With this we cannot agree since the fact finders might reasonably have concluded that the hazard to business invitees, thus engendered, constituted a risk of harm within the reasonable foresight of defendant and therefore it should have employed a method of refrigeration to obviate this danger or should have taken other means of keeping the floor in a reasonably safe condition. See 2 Harper & James, The Law of Torts, § 16.5, at p.915 (1956). * * *"

To the same effect, it was held in *Wollerman v. Grand Union Stores, Inc.,* 47 NJ 426, 221 A2d 513 (1966), under similar facts (at 514):

> "When greens are sold from open bins on a self-service basis, there is the likelihood that some will fall or be dropped to the floor. If the operator chooses to sell in this way, he must do what is reasonably necessary to protect the customer from the risk of injury that mode of operation is likely to generate; and this whether the risk arises from the act of his employee or of someone else he invites to the premises. * * *"

This same rule was adopted and applied by the Arizona Court of Appeals, under similar facts, in *Rhodes v. El Rancho Markets,* 4 Ariz App 183, 418 P2d 613 (1966), in which it was held (at 615):

> "We take judicial notice of the fact that in a self-service market operation, such as appellee's, the customer is expected to handle and examine the produce displayed in the open bins. For instance, one may remove a head of lettuce from its stand, examine it, decide against it and put it back, and then repeat this process several times.

> "When produce is displayed and handled in such fashion, the storekeeper must take reasonable protective measures for the benefit of customers who might slip and fall on vegetable matter dropped on the floor by employees or other customers. The finder of fact could reasonably conclude that such hazard to business invitees constituted a risk of harm within the reasonable foresight of the appellee; therefore it should have taken reasonable steps to obviate the danger. * * *"

The Supreme Court of Vermont adopted the same rule in *Forcier v. Grand Union Stores, Inc.,* 128 Vt 389, 264 A2d 796 (1970), in holding, under similar facts (at 799):

> "* * * The store used open bins to display its fruits and vegetables which were handled by the employees and customers. This self-service method of displaying its fruits and vegetables carried with it a corresponding duty of care by the store to use reasonable measures to discover and remove from the floor debris which may have been dropped or knocked to the floor by persons at the counter. Debris on the floor is to be anticipated in a self-service operation. * * *"

To the same effect, the Supreme Court of Wisconsin, in *Strack v. Great Atlantic & Pacific Tea Company,* 35 Wisc 2d 51, 150 NW2d 361 (1967), held, under similar facts (at 363):

> "More importantly, we think supermarkets which display their produce and fruit in such a way that they may be handled by customers and dropped or knocked to the floor unintentionally is a way of doing business

which requires the storekeeper to use reasonable measures to discover and remove such debris from the floor. * * *"

and (at 364):

"While we do not go so far as to change the burden of proof, we think that in circumstances where there is a reasonable probability that an unsafe condition will occur because of the nature of the business and the manner in which it is conducted, then constructive knowledge of the existence of such an unsafe condition may be charged to the operator and such constructive notice does not depend upon proof of an extended period of time within which a shop owner might have received knowledge of the condition in fact."

The Washington Court of Appeals recently adopted the same rule in *Ciminski v. Finn Corporation, Inc.*, 13 Wash App 815, 537 P2d 850 (1975). Also to the same effect, see *Maugeri v. Great Atlantic and Pacific Tea Company,* 357 F2d 202 (3d Cir 1966). See also cases cited in Annot., 61 ALR2d 6, 24-5 (1958), and Restatement of Torts 2d § 343 (1965).

Although, as previously stated, this court has not previously been called upon to adopt or reject the rule as adopted in the foregoing cases, such a rule is consistent with its decisions in *Dawson v. Payless for Drugs,* 248 Or 334, 339-40, 433 P2d 1019 (1967), and *Stocking v. Sunset Square, Inc.,* 264 Or 151, 152-53, 504 P2d 100 (1972), involving ice or other defects in parking lots creating an unreasonably dangerous condition of which the defendant was not shown to have had actual knowledge.

This rule is also consistent with previous decisions in which this court has not been called upon to consider the special problem arising from self-service produce sections in supermarkets, including *Pribble v. Safeway Stores,* 249 Or 184, 437 P2d 745 (1968); *Collins v. Kienow's Food Stores,* 251 Or 16, 444 P2d 546 (1968); and *Bertrand v. Palm Springs,* 257 Or 532, 480 P2d 424 (1971).

[ 743 ]

The majority would distinguish *Pribble* and *Collins* on the issue of knowledge by the statement that "the plaintiff fell on a wet and slippery entranceway to defendant's store, and there was evidence that defendant actually knew of the existence of the water on the floor." It would distinguish *Bertrand* on this issue by the statement that "defendant knew that water commonly gathered on the floor." With all due respect to the majority, I would submit that at least *Collins* and *Bertrand* cannot be properly distinguished on these grounds and that, on the contrary, they support plaintiff's contention on this basic and controlling issue, wholly aside from the distinct problems involved in self-service vegetable racks.

In *Collins* plaintiff slipped on water in the entranceway to a food store. As I read the case, there was no direct evidence that defendant had actual knowledge that there was water on the floor of the entranceway at the time and place when plaintiff fell. There was indirect evidence, however, that defendant *should* have known of that fact based upon testimony that it was raining and that on rainy days water accumulated on the inside of the entranceway. We affirmed plaintiff's recovery in that case and said (at 19):

"* * * In the present case the evidence of defendant's knowledge of the slippery condition of the floor was not as direct as it was in *Pribble* but we think that it was sufficient."

In *Bertrand* plaintiff slipped on the floor in the locker room of a health spa. Again, there was no direct evidence that defendant had actual knowledge that there was water on the floor of the locker room at the time and place where plaintiff fell. There was indirect evidence, however, that defendant "expected to have water dripping in the dressing room and locker area" and that "an attendant was assigned to mop up the locker room area every 15 minutes to one-half hour." That evidence was held to be sufficient on the basic issue of knowledge.

In this case plaintiff's testimony was to the effect that while walking through the produce section of defendant's store at about 8:30 p.m. he slipped on either a piece of ice or a small puddle of water on the floor near a section containing lettuce. Defendant's night manager testified the "produce" (i.e., lettuce) is sometimes "stacked * * * higher than the edge of the produce rack"; that if ice "adheres" to the lettuce when picked up by customers "it would fall off on the floor" and that he had "seen that happen"; and that he had "seen ice on the floor" as a result. He also testified that "if you spray the produce down and have somebody lift it right out * * * there might be some water drop on the floor, a small dab." In addition, he said that other customers had previously fallen in the produce aisle. Finally he testified that it was "store policy" to sweep the "produce aisle" every 15 to 20 minutes—but not "the complete store"—and that one reason for this, among others, was that "you will sometimes get something dropped or * * * where they are bringing something out something might fall on the floor." On the evening of the accident, however, the aisle had not been swept for an entire hour.

In my opinion, even under the rule of *Pribble, Collins* and *Bertrand,* this evidence was substantial evidence from which a jury could properly find that defendant should have known that there would be pieces of ice or water on the floor of the aisle adjacent to the produce rack, even though it had no actual knowledge of that fact, because defendant knew that every time a customer removed produce from that rack pieces of ice or water might fall on the floor at that location, just as in *Collins* and *Bertrand* defendants should have known that there would be water on the floor of the entranceway and locker room even though they had no actual knowledge of that fact, because they knew that every time a customer entered the store or locker room he might "track" in some water on the floor at that location.

In this case, however, as previously noted, defendant itself was directly responsible for the water and ice. It deliberately chose to spray the produce with water and pack it on pieces of ice and did so for its own purposes with full knowledge that whenever a customer picked up and removed a piece of the produce, which defendant hoped would be very often—and continuously during the day—water, pieces of ice, or pieces of produce might well be deposited on the floor of the aisle next to the produce rack. With full knowledge that this had actually happened in the past and that customers had previously fallen at that location, defendant deliberately chose to continue that practice.

Under these facts, it is most respectfully submitted that this court should not hesitate to affirm a verdict by the jury finding that defendant was negligent. If this case involved a store owner who sold oil from a large drum with a spigot from which customers were to "serve themselves," but occasionally, in doing so, allowed drops of oil to fall on the floor, which the store owner well knew, we would have no hesitation in holding such a defendant liable to a customer who slipped on the oil despite his protestations that he had no actual knowledge that any oil was on the floor at that particular time and place. In my view, there is no reason for a different result under the facts of this case.

The majority holds that plaintiff cannot recover because he did not specifically plead that defendant should have installed a rug, mat or nonskid surface on the floor of the produce aisle. In my view, the controlling issue is whether defendant knew or should have known that ice or water would be deposited on the floor at that location. If there was any substantial evidence to support the finding by the jury against defendant of that issue, the duty was then imposed upon defendant to take whatever steps were reasonably necessary to prevent that from happening. These steps might well include installation of a rug, mat, or non-

skid surface. They could also include constant mopping, or the stationing of an attendant at that location, the use of some means other than water or ice to keep the produce fresh, or the use of some other method than a self-service rack for the sale of fresh vegetables.

Plaintiff's complaint alleged that defendant was negligent:

> "In permitting the ice or water to remain on the floor for a long period of time which the Defendant knew, or should have known, existed at that time and place."

In my view, this was a sufficient allegation of negligence and plaintiff was not required to go further and allege additional negligence in failing to adopt each of the various alternative remedial measures that might have been adopted by defendant to remedy the results of its initial negligence. It is a well established rule in Oregon that "when a complaint contains general allegations of negligence and carelessness, it is not essential that the details be set forth in the complaint," *Wood v. Miller,* 158 Or 444, 449, 76 P2d 963 (1938). See also *Mezyk v. National Repossessions,* 241 Or 333, 337, 405 P2d 840 (1965), and *Kennedy v. Hawkins,* 54 Or 164, 168, 102 P 733 (1909).

For all of these reasons, I most respectfully dissent.