Argued and submitted December 2, 1983, resubmitted In Banc July 11, affirmed October 10, reconsideration denied December 14, 1984, petition for review denied January 8, 1985 (298 Or 470)

# DUBRY,
*Appellant,*

*v.*

# SAFEWAY STORES, INC.,
*Respondent.*

(82-51-J-3; CA A28261)

689 P2d 319

Jerry E. Gastineau, Medford, argued the cause and filed the brief for appellant.

Robert L. Cowling, Medford, argued the cause for respondent. With him on the brief was Cowling & Heysell, Medford.

RICHARDSON, J.

Warden, J., dissenting.

## RICHARDSON, J.

In this personal injury action, plaintiff alleged that he slipped on foreign material on the floor of defendant's grocery store and fell. The court granted defendant's motion for summary judgment. Plaintiff appeals, and we affirm.

Plaintiff alleged that defendant was negligent in one or more of the following particulars:

"a. That Defendant or its agents placed the foreign material on the floor.

"b. That the foreign material was on the floor for such a period of time that Defendant either knew or should have known of its presence.

"* * * * *."

Citing *Diller v. Safeway Stores, Inc.*, 274 Or 735, 548 P2d 1304 (1976), defendant moved for summary judgment on the ground that plaintiff did not show that either "defendant placed the foreign material on the floor, or that the foreign material was on the floor for such a period of time that defendant should have known of it." Defendant attached to its motion portions of plaintiff's deposition. Plaintiff filed no counter-affidavits, but contended that the pleadings and deposition submitted by defendant demonstrated that there was a material question of fact as to the issues identified by defendant.

Included in the portions of plaintiff's deposition were the following statements:

"Q While you were sitting there on the floor you say that you looked and saw something on the floor and you believed that's what you slipped on?

"* * * * *

"A It was a clump of greenish dried, what appeared to look like leafy, leaves to me.

"Q What kind of leaves?

"A That's hard to say.

"Q Was it like a lettuce leaf, leaf off of a flower or what?

"A It looked like compressed, some sort of flattened, compressed greenish leaves.

"Q Was it wet or dry?

"A It was dry.

"* * * * *

"Q How many leaves were there, just the one?

"A It was just one clump of them.

"Q A clump?

"A Uh-huh.

"Q What do you mean by that?

"A Well, it happened to be more than one that had been pressed or compressed flat."

In his deposition, defendant said he slipped in the aisle between the meat and cheese section near the bacon display. He described the material on which he allegedly slipped as more than one leaf compressed together in a clump about 1 1/2 inches in diameter. There was no evidence that there was a display of vegetable material or a floral display near where plaintiff fell that contained leafy material comparable to that described by plaintiff.

 As the party moving for summary judgment, defendant had the burden of establishing that there were no triable issues of fact and that it was entitled to judgment as a matter of law. We draw all inferences of fact from the deposition in favor of plaintiff as the party opposing the motion. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978).

Defendant contends that the evidence did not show that the material had been on the floor for a sufficient length of time that it can be established that it *should have known* about it.

 Plaintiff contends that the court impermissibly resolved an issue of fact on a motion for summary judgment. We agree that weighing the evidence is not the court's role in a summary judgment determination. *McKee v. Gilbert,* 62 Or App 310, 661 P2d 97 (1983); *Klimek v. Continental Ins.,* 57 Or App 435, 645 P2d 553 (1982). We also bear in mind that negligence is ordinarily a question of fact to be decided by the jury. *See, e.g., Jones v. Oberg,* 52 Or App 601, 628 P2d 773, *rev den* 291 Or 662 (1981). However, in order for there to be a triable issue as to whether defendant's conduct did or did not meet the appropriate standard of care there must be evidence of defendant's conduct before it can be compared with the

relevant standard of care. In the context of the case, the relevant conduct is defendant's knowledge that the foreign material was on the floor. There had to be evidence from which a jury could find that the foreign material was on the floor for a sufficient period of time that defendant could have known of its existence. In assessing whether there is a triable issue on a motion for summary judgment, the task is conceptually similar to evaluating whether a case should go to a jury after the evidence is presented or whether a judgment *n.o.v.* should be granted after a verdict.

In *Diller v. Safeway Stores, Inc., supra,* the court affirmed a judgment *n.o.v.* for defendant, concluding that in the absence of evidence from which a reasonable inference could be drawn as to how long the lettuce and water on which plaintiff slipped had been on the floor, there was no basis for the jury verdict for plaintiff. The plaintiff had slipped on a lettuce leaf and a puddle of water. There was evidence that the lettuce had come from a produce display of lettuce packed with ice. Plaintiff argued that the jury could infer that ice had fallen from the display and been on the floor long enough to melt, creating the puddle of water. The court rejected that argument, saying:

> "However, it is just as reasonable to assume that both the water and the ice were dropped on the floor at the same time while the lettuce was being handled. In the absence of proof from which a reasonable inference can be drawn as to how long the substance was on the floor, there is no basis for a finding of negligence." 274 Or at 739.

In *Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969), the court held that there was insufficient evidence to sustain the jury's verdict on the specification of negligence that defendant knew or should have known that the lettuce leaf on which plaintiff slipped was on the floor and was negligent in not removing it. The court said there was no evidence from which it could be inferred that the leaf had been on the floor any longer than a few seconds before plaintiff fell. In that posture of the evidence, there was no basis for concluding that the defendant was negligent in not removing the leaf. The court noted that the only evidence that the lettuce leaf had been on the floor any length of time was plaintiff's testimony that the leaf was "well marked." The court said:

"We do not believe that such evidence is sufficient to draw the inference because the leaf could hardly have appeared otherwise after plaintiff stepped on it." 253 Or at 375.

*See also Weiskopf v. Safeway Stores,* 271 Or 630, 533 P2d 347 (1975).

Plaintiff concedes that there is no evidence that defendant's employes caused the material to be on the floor or that defendant or its employes actually knew that it was on the floor. The parties agree that the relevant inquiry is whether there is evidence that the material was on the floor for such a length of time that defendant could have, by the exercise of reasonable diligence, discovered and removed it.

In *George v. Erickson's Supermarket, Inc.,* 236 Or 64, 386 P2d 801 (1963), involving the same issue as in this appeal, the court quoted with approval from Prosser, Torts, 200, § 42 (2nd ed 1955):

" '* * * What is required is evidence from which reasonable men may conclude that, upon the whole, it is more likely that there was negligence than that there was not. Where the conclusion is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that the burden of proof has not been sustained.' " 236 Or at 66.

As the cases we have cited regarding a slip and fall indicate, there must be some evidence of how long the offending material was on the floor of the commercial establishment. It is not sufficient to impose liability that the material was on the floor. The occupier of a commercial establishment has a duty to its customers to keep the floors clean but it is not an insurer of their condition. *Pavlik v. Albertson's, Inc., supra.* Neither is it sufficient that there are equal probabilities that the material was there for two seconds or two hours. The factfinder cannot be allowed to substitute conjecture or speculation for reasonable inferences based on evidence.

Plaintiff argues that his deposition testimony that the leafy material was dry and compressed allows a reasonable inference that it had been on the floor for a significant period of time. These characteristics tell little about how long the leaves had been on the floor. Plaintiff was unable to tell what kind of leaves they were, and there was no evidence that there

were displays of products containing that type of leafy vegetation near where plaintiff fell. Thus there was no basis for concluding that the material came from a display in the store. A factfinder would have no basis to compare the leaves described by plaintiff with leaves of the same type to determine if they were at one time moist and arrived at their dry condition by passage of time. Perhaps a factfinder could conclude from general knowledge about vegetation generally that all vegetation is moist at one time and will become dry when deprived of an internal or external source of moisture. But even assuming the leaves were at one time moist, there is no basis other than conjecture to conclude they were moist when they first were on the floor and remained there while becoming dry. Without some evidence as to their previous character and location or evidence of how they may have arrived at their location, there is an insufficient basis to infer they were on the floor for any length of time.

The fact that the leaves were compressed adds little to the inquiry as to how long they had been on the floor. The dissent suggests the compressed condition of the leaves supports an inference that they were on the floor a sufficient length of time for others to have stepped on them or for them to have been run over by a grocery cart. Plaintiff testified in his deposition that he could not tell from looking at the leaves whether someone else had stepped on them. He was describing the leaves after he had supposedly stepped on them and as the Supreme Court observed in *Pavlik v. Albertson's, Inc., supra,* "the leaf could hardly have appeared otherwise after plaintiff stepped on it." 253 Or at 375.

At best, there is an equal probability that the leaves were on the floor for two seconds or for two hours. There is no basis for a reasonable factfinder to conclude the leaves were on the floor for a sufficient period of time that defendant, in the exercise of reasonable diligence should have discovered and removed them. The court did not err in granting defendant's motion for summary judgment.

Affirmed.

**WARDEN, J.,** dissenting.

Because I agree with plaintiff that his deposition testimony, submitted by defendant to support its motion for

summary judgment, raises a genuine issue of material fact, I dissent.

In his complaint plaintiff alleges:

"That the foreign material was on the floor for such a period of time that Defendant either knew or should have known of its presence."

In his deposition he described the material that caused him to fall as "a clump of greenish dried * * * leaves" and "flattened, compressed greenish leaves." When asked by defendant's counsel, "Was it wet or dry?," plaintiff answered, "It was dry." The evidence that the leaves were compressed permits an inference that the material had been there long enough to have been stepped on by others before plaintiff or to have been run over by grocery carts. The evidence that it was "dry" or "dried" permits an inference that it had been on the floor long enough to have lost some of its moisture. These permissible inferences raise a genuine issue of material fact alleged in plaintiff's complaint, i.e., whether the material had been on the floor long enough that defendant knew or should have known of its presence.

The majority makes something out of nothing in stating:

"Plaintiff was unable to tell what kind of leaves they were, and there was no evidence that there were displays of products containing that type of leafy vegetation near where plaintiff fell. Thus there was no basis for concluding that the material came from a display in the store." (70 Or App at 188.)

In so stating, the majority implies that, unless plaintiff can identify the species of plant and establish that it came from a display in the store, he has no maintainable claim. Neither is required. Plaintiff need only establish facts from which it may be inferred that the material was on the floor for such period of time that defendant (or its employes) knew or could have known of its presence.

The error of the majority's result is shown most clearly in two statements:

"Neither is it sufficient that there are equal probabilities that the material was there for two seconds or two hours." (70 Or App at 188.)

and

> "At best, there is an equal probability that the leaves were on the floor for two seconds or for two hours." (70 Or App at 189.)

The resolution of such probabilities is clearly still a jury's fact-finding function. It is not a question to be decided on motion for summary judgment, *i.e.,* one cannot conclude that the material was on the floor for such a short time that defendant had not time to learn of its presence as a matter of law.

It was error to grant defendant's motion for summary judgment, and the judgment of the trial court should be reversed. Therefore, I dissent.

Joseph, C. J., and Van Hoomissen and Rossman, JJ, join in this dissenting opinion.