Argued and submitted October 28, 1987, reversed and remanded May 18, 1988

TURNER,
*Appellant,*

*v.*

FLEET LEASING, INC.,
dba Jubitz Truck Stop,
*Respondent.*

(A 8410-06389; CA A41709)

754 P2d 614

David K. Allen, Portland, argued the cause for appellant. With him on the briefs was Janie M. Burcart, Portland.

Cecilia Lee, Portland, argued the cause for respondent. With her on the brief was Ridgeway K. Foley and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant in this action for personal injuries that she suffered when she slipped and fell on defendant's dance floor. She assigns as error that the court, at the close of plaintiff's case, granted defendant's motion for a directed verdict. We reverse.

We view the evidence in the light most favorable to plaintiff. *Paulson v. Western Life Insurance Co.,* 292 Or 38, 40 n 1, 636 P2d 935 (1981). The jury could have found these facts. Defendant owns and operates a truck stop and tavern. The tavern features live country music and has two dance floors. Plaintiff, a sixty-two year old woman, went to the tavern with her daughter and her daughter's friend on October 20, 1983. Plaintiff danced with an acquaintance, slipped and fell, and injured herself severely. She testified:

"I — it seems as if I stepped on something that was real slick. I have stepped on clay mud, and it just took me right over. I went down, came back up and went down again."

Defendant used a brand of granulated wax on its dance floors called "Golden Star Dance and Shuffle Board Wax," which made the floors slippery. It would be applied several times during a busy evening when the dance floors became sticky. On the night of the accident, defendant left containers of the wax on the bandstand and on the rails around the dance floor. No warnings were posted regarding use of the wax. Everyone had access to it, and several customers applied it by sprinkling handfuls of the granules on the dance floor.

A forensic scientist performed tests on material scraped from the bottom of the shoes that plaintiff wore when she fell. The tests showed that the substance was wax. Graphs of the material and of a sample of the "Golden Star Dance and and Shuffle Board Wax" produced by a gas chromatograph failed to show that the substances were identical.

The parties do not dispute that defendant owed to plaintiff, an invitee, the duty of care that a reasonable person of ordinary prudence would exercise to keep the premises reasonably safe, *Woolston v. Wells,* 297 Or 548, 557, 687 P2d 144 (1984), and that she suffered injuries when she fell. Defendant argues that the court did not err, because the jury could not

find from the evidence that it was the wax on the dance floor that caused plaintiff to slip and fall. It asserts that no witness testified about seeing any foreign substance on the floor at the time that plaintiff fell. Defendant's night manager on duty testified that he had examined the dance floor just after plaintiff fell and found no ice, water or other foreign objects on the floor which could have caused her to fall. Defendant emphasizes that tests of the wax on the bottom of plaintiff's shoes do not show conclusively that it was the same wax that was applied to the dance floor. It asserts, therefore, that the evidence does not permit the jury to find that "a foreign substance caused plaintiff to fall." *See Lea v. Gino's Pizza Inn,* 271 Or 682, 534 P2d 179 (1975).

Defendant also argues that there was no evidence from which the jury could find that it knew, or should have known, that the condition of the dance floor was dangerous and, consequently, that it breached its duty of care to plaintiff. It argues that its employes had never received a complaint that the floor was too slippery and that no one had previously claimed to have fallen because of the wax. Moreover, defendant asserts that there was no evidence of how long the material was on the dance floor and, consequently, no evidence from which the jury could infer that defendant had notice of the dangerous condition.

The court erred, however, when it granted defendant's motion. The court should not have granted the directed verdict unless, from the evidence, "reasonable men could draw but one inference and that inference support[s] the conclusion that [defendant was] not negligent; or that defendant['s] negligence was not the * * * cause of plaintiff's injury." *James v. Carnation Co.,* 278 Or 65, 69, 562 P2d 1192 (1977). Here, the jury could find that on the night of the accident defendant, as a regular practice, freely allowed customers to apply wax to its dance floor without its supervision or control; that it provided the wax and made it available to customers; that application of the wax made the floor slippery; and that no *other* foreign substance was present. A jury could find that the wax on the dance floor caused plaintiff to slip and fall and that defendant was responsible for it being there.

The jury could also find that defendant knew, or should have known, that the condition of the dance floor at

the time of the accident was dangerous. In *Dubry v. Safeway Stores,* 70 Or App 183, 689 P2d 319 (1984), *rev den* 298 Or 470 (1985), the plaintiff slipped on a clump of leafy material that had fallen on the floor without the defendant's participation. There was no evidence that the defendant knew, or should have known, that the material was on the floor. Here, there was evidence that defendant actually helped to create the dangerous condition. The jury could find that defendant knew that it should control application of the wax. Its employe, who had worked as a night manager before 1983, testified that he had read the warning on the wax container, that the wax had a "ball bearing effect" and that he had instructed the bartenders not to allow customers to apply the wax. The jury could also find that, thereafter, at the time of plaintiff's accident, defendant knew, or should have known, that customers were applying the wax, which it provided to them, without its supervision or control, that the wax made the dance floor slippery and that it had not warned dancers of the danger or taken other steps to remove it.

Reversed and remanded.