Argued and submitted May 18, reversed and remanded June 28, 1995

Terry SPENCER,
*Appellant,*

*v.*

M. L. KAUTH, INC.,
an Oregon corporation,
*Respondent.*

(93C-799094; CA A85090)

897 P2d 1209

Michael H. Bloom argued the cause for appellant. With him on the brief was Michael H. Bloom, P.C.

Paul Silver argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals from a judgment in a "slip and fall" case and assigns error to the court's allowance of defendant's motion for a directed verdict. We reverse and remand.

On January 28, 1993, plaintiff and two friends went to defendant's pizza restaurant. Lowery, one of plaintiff's friends, entered the restaurant to place a take-out order, while plaintiff waited in the car. Before placing his order, Lowery held the door open for a little girl who was walking out of the restaurant. As he held the door open, he noticed a tan colored puddle, about a foot wide, on the floor approximately five feet inside the restaurant. Lowery then approached the counter to order the pizza and, as he did so, plaintiff entered the restaurant to ask if Lowery wanted a soda. Before Lowery answered, plaintiff slipped on the wet substance and fell, breaking his left fifth finger and spraining his back and right knee.

Plaintiff brought a negligence action against defendant. At trial, both Lowery and plaintiff testified about comments that one of defendant's employees made after plaintiff fell. Lowery testified, "[An employee] stated that somebody should have got this up before now." Plaintiff testified that he heard an employee ask another employee, "Why wasn't that got up for?" or "Why didn't you get that up a little while ago?" At the end of plaintiff's case, defendant moved for a directed verdict on the ground that plaintiff's proof of negligence was insufficient under the "slip and fall" test set forth in *Van Den Bron v. Fred Meyer, Inc.*, 86 Or App 329, 331, 738 P2d 1011 (1987). The court granted that motion, and plaintiff asserts that the court erred in doing so.

To recover for personal injuries, an invitee who slips and falls on a foreign substance on a business property must show:

"(1) that the substance was placed there by the occupant, *or* (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it, *or* (3) that the foreign substance had been there for so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it." *Van Den Bron*, 86 Or App at 331 (emphasis in original).

We will sustain a directed verdict only "when a reasonable person could draw but one inference from the facts and that inference supports the conclusion that the defendant was not negligent." *Id.* at 331.

Plaintiff argues that reasonable jurors could infer from the employee's statements — and particularly, the question, "Why didn't you get that up a little while ago?" — that either: (1) the employees knew the substance was on the floor and failed to use reasonable diligence to remove it; or (2) the substance had been there for so long that the employees should, in the exercise of reasonable diligence, have discovered and removed it. In so arguing, plaintiff analogizes this case to *Lopp v. First National Bank of Portland*, 151 Or 634, 51 P2d 261 (1935). Conversely, defendant argues, by reference to *Diller v. Safeway Stores, Inc.*, 274 Or 735, 548 P2d 1304 (1976), that no reasonable juror could make such an inference.

In *Lopp*, the plaintiff slipped in a puddle in the defendant bank. After the plaintiff fell, the bank manager rushed over and said, "I am sorry, you have taken an awful fall. I told them to clean that up and they haven't done it." Given that statement, the Supreme Court concluded that the trial court erred in granting defendant a directed verdict:

> "[The statement] is quite susceptible of being construed as meaning that there had been sufficient time, before the accident, to have complied with the order. It showed a knowledge on the manager's part of the dangerous condition of the floor. * * * Reasonable minds might differ as to the construction to be given to the manager's words." *Lopp*, 151 Or at 640.

In *Diller*, the plaintiff slipped in water in the produce section of the defendant grocery store. There was evidence that the floor had not been swept for approximately one hour, in violation of the store policy to sweep every 15 to 30 minutes. The court also noted that "[t]here was * * * testimony that after the incident one of defendant's employees indicated that the water should have been mopped up previously." 274 Or at 737. On that evidence, the Supreme Court affirmed the trial court's granting of a judgment n.o.v. for the defendant:

"In this case there was no evidence that at any time prior to the accident any of defendant's employees actually knew that ice and water had been spilled on the floor." *Diller*, 274 Or at 738.

This case, as the parties' resort to analogy implicitly acknowledges, falls between *Lopp* and *Diller*. The statement here was neither as explicitly inculpatory as the bank manager's "I told them" statement in *Lopp*, nor so innocuous as the Supreme Court's shorthand description of the grocery employee's statement in *Diller*. We conclude, however, that the statement, "Why didn't you get that up a little while ago?" was sufficient to create a jury question under *Van Den Bron's* second test.[1]

We note, at the outset, that that statement was not, in fact, a statement, but a question. The speaker asked the employee why the substance had not been cleaned up "*a little while ago*." (Emphasis supplied.) Reasonable jurors could infer from that language and its context that both the speaker and the other employee had known of the foreign substance for some definite time period ("a little while") before the accident but neither had cleaned it up. Indeed, jurors could reasonably infer from the speaker's question that he had asked the other employee to clean up the spill, but that the employee had failed to do so. Thus, the speaker's question could reasonably be viewed as accusatory or expressing frustration at a fellow employee's failure to remedy a hazardous condition, notwithstanding a reasonable opportunity to do so.

The context of the statement here, *i.e.*, a question from one employee to another, as well as the specific time-qualifying referent, *i.e.*, "a little while ago," materially distinguishes this case from *Diller*. In *Diller*, there is no discussion of the employee's precise statement or the context in which it was made. Indeed, the employee's indication that the water should have been mopped up previously was so imprecise that it might well have been nothing more than an expression of

---

[1] Although plaintiff testified that he was not quoting the employee's exact language, the jury could find that the employee made that, or a substantially similar, statement. On review of an appeal from a judgment on a directed verdict, the court "view[s] the evidence in the light most favorable to the non-moving party * * * and extend[s] to that party the benefit of every reasonable inference that may be drawn from the evidence." *Shockey v. City of Portland*, 313 Or 414, 422-23, 837 P2d 505 (1992), *cert den* ___ US ___, 113 S Ct 1813 (1993).

regret, that "this should never have happened." Thus, unlike the employee's question here, the statement as summarized in *Diller* lacked sufficient indicia of foreknowledge for a jury to reasonably infer that "the occupant knew that the substance was there and failed to use reasonable diligence to remove it." *Van Den Bron*, 86 Or App at 331.[2]

The court erred in granting a directed verdict for defendant.

Reversed and remanded.

---

[2] Because we conclude that the evidence was sufficient under the second *Van Den Bron* test, we do not address plaintiff's argument relating to the third test.