720          February 12, 2025          No. 87

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STEPHANIE KUMMER,
*Plaintiff-Appellant,*

*v.*

FRED MEYER STORES, INC.,
*Defendant-Respondent,*

*and*

FRED MEYER, INC.,
and the Kroger Co.,
*Defendants.*

Multnomah County Circuit Court
21CV46480; A182401

Jonathan W. Monson, Judge pro tempore.

Argued and submitted January 14, 2025.

Robert J. Miller, Sr., argued the cause and filed the briefs for appellant.

Thomas J. Payne argued the cause for respondent. Also on the brief was Sara Kobak and Schwabe, Williamson & Wyatt, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Plaintiff brought this personal injury action against defendant Fred Meyer, seeking damages on a theory of premises liability, for an injury she sustained when she slipped and fell on a substance in an aisle of defendant's store while shopping. She appeals from the trial court's entry of judgment for defendant, assigning error to the trial court's granting of defendant's motion for summary judgment. We conclude that the trial court did not err in granting defendant's motion for summary judgment and therefore affirm.

The record on summary judgment includes evidence that, while shopping, plaintiff slipped and fell on a clear, soap-like substance. There is no evidence of the exact nature or source of the substance, how the substance came to be on the floor, or how long it had been on the floor before plaintiff slipped on it and fell. There is no evidence that defendant placed the substance on the floor or that store employees were aware of the spill before plaintiff fell. There was evidence that store employees had a general responsibility to inspect for and clean up anything on the floor as they regularly moved about the store, and regular cleanings occurred nightly, after the store was closed.

Premises liability for slip and fall injuries involving substances on the floor is well-outlined in our case law and falls within three potential theories of negligence. Two theories are based on the defendant's actual knowledge of the presence of the foreign substance; the third is based on the defendant's "constructive" knowledge:

> "An invitee who is injured by slipping on a foreign substance on the floor or stairs of business property must, in order to recover from the occupant having control of said property, show either:
>
> "(a)   That the substance was placed there by the occupant, or
>
> "(b)   That the occupant knew that the substance was there and failed to use reasonable diligence to remove it, or
>
> "(c)   That the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it."

*Pribble v. Safeway Stores, Inc.*, 249 Or 184, 187, 437 P2d 745 (1968) (quoting *Cowden v. Earley*, 214 Or 384, 387, 327 P2d 1109 (1958)). Plaintiff brought this action, contending that defendant's liability stems from its constructive knowledge of the spill, that defendant, in the exercise of reasonable diligence, should have discovered the spill and cleaned it up.

Oregon case law has long held that to establish a defendant's constructive knowledge of a foreign substance on the floor, there must be evidence of the length of time the substance has been on the floor. *Diller v. Safeway Stores, Inc.*, 274 Or 735,

738-39, 548 P2d 1304 (1976) (a store logbook showing that more than an hour had passed since employees swept the floor "does not raise an inference that defendant should have known the water or ice was there and should have removed it in the exercise of reasonable diligence. It is just as reasonable to assume that the substance was spilled immediately before the accident as it is to assume it was spilled substantially earlier"); *Weiskopf v. Safeway Stores, Inc.*, 271 Or 630, 632, 533 P2d 347 (1975) (without evidence tending to show how long the foreign substance had been on the floor, "it was just as probable that the substance was spilled immediately before the accident as it was that it was spilled three hours previously or at any other time"); *Pavlik v. Albertson's, Inc.*, 253 Or 370, 374-75, 454 P2d 852 (1969) (rejecting argument that the absence of inspection or sweeping was relevant without evidence of when the foreign substance fell on the floor).

In its motion for summary judgment and at a hearing on the motion, defendant asserted that plaintiff had failed to provide evidence of the length of time the foreign substance on which plaintiff slipped had been on the floor, so as to give rise to a question of fact as to defendant's constructive knowledge of the substance's presence. In response to defendant's motion for summary judgment, plaintiff did not argue that defendant placed the substance on the floor or had actual knowledge of its presence; her entire argument was based on a constructive knowledge theory. Plaintiff submitted a declaration from counsel that plaintiff had retained an expert "who is available and willing to testify to

admissible facts or opinions creating a question of fact that will be deemed sufficient to contradict the allegations of the moving party and an adequate basis for the court to deny the motions." *See* ORCP 47 E. Plaintiff's attorney explained to the court in argument on defendant's summary judgment motion that the expert would testify as to the industry standard for inspecting and cleaning floors and provide an opinion that defendant's inspection and cleaning schedule deviated from that standard.[1]

The trial court granted defendant's motion, concluding that Oregon case law "requires some evidence about the length of *** time that the substance was on the ground" "to permit the reasonable discovery of the hazard." Without evidence of how long the substance had been present, the court reasoned, "it wouldn't matter what the reasonableness of the inspection schedule would be."

Plaintiff contends on appeal that the trial court erred in granting defendant's motion, because her ORCP 47 E declaration as to the industry standard for inspections gave rise to a genuine issue of material fact as to whether defendant failed to exercise reasonable care to discover the foreign substance.

The trial court did not err. ORCP 47 E allows a declaration by a party contesting summary judgment that they have an "unnamed qualified expert [that] has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact." The rule allows anonymity to protect the identity of the expert and the substance of their testimony, and "is designed to enable parties to avoid summary judgment on any genuine issue of material fact which may or must be proven by expert evidence." *Stevens v. Czerniak*, 336 Or 392, 404, 84 P3d 140 (2004); *Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den*, 306 Or 661 (1988). The declaration needs to "state only that an expert has been retained and is available and willing to

---

[1] "[PLAINTIFF'S COUNSEL:] No one can ever prove exactly when the debris fell on the ground or how long *** it's been there. But what the jury can consider is whether the procedures for discovery of that foreign substance were approached in a reasonable manner. That the cleanup was done on a reasonable basis.

"And that's what the jury get to decide."

testify to admissible facts or opinions that would create a question of fact." *Id.* at 265. Plaintiff's counsel's declaration used the terminology described in ORCP 47 E.

But plaintiff's counsel then explained to the court in written and oral argument that the subject matter of the expert's testimony would be the standard of care in the industry for inspection and cleaning of floors and the expert's opinion that defendant's inspection and cleaning was below the standard. Plaintiff's counsel has adhered to that explanation at oral argument before this court. Plaintiff's counsel argued to the trial court that that evidence would give rise to a disputed issue of material fact as to whether plaintiff was negligent. And plaintiff makes that same argument on appeal, citing *Hinchman v. UC Market, LLC*, 270 Or App 561, 348 P2d 328 (2015), for the rule that the point or points at issue in a motion for summary judgment are susceptible to proof by expert testimony if they could "conceivably be proven through expert testimony."[2]

Factual issues that are presented by a plaintiff's theory of the case are thus amenable to expert testimony if they can conceivably be proven through expert testimony. But not every ORCP 47 E affidavit precludes summary judgment. Here, plaintiff's allegation of negligence is that defendant failed to adequately inspect and clean floors so as to avoid plaintiff's injury. Plaintiff concedes that there is no evidence as to how long the substance had been on the floor but asserts,

"[n]o one can ever prove exactly when the debris fell on the ground or how long *** it's been there. But what the jury can consider is whether the procedures for discovery of that foreign substance were approached in a reasonable manner. That the cleanup was done on a reasonable basis."

Plaintiff asserts that the expert's testimony would provide evidence that the process for discovering the substance was insufficient.

---

[2] We note that *Hinchman* is otherwise distinguishable. In *Hinchman*, the plaintiff did not pursue a constructive-knowledge theory. Rather, the plaintiff argued that the defendant had created the hazard in question through its selection, placement, and installation of a floor mat. *Id.* at 567. Expert testimony about that issue was plainly relevant to that theory. *Id.* at 573-74.

We have no disagreement with plaintiff's contention that the proposed expert could give an opinion as to whether defendant's inspection and cleaning schedule was outside of the industry standard of care. But that evidence would not have been sufficient, in and of itself, to sustain a claim of premises liability based on plaintiff's theory of defendant's constructive knowledge of a substance on the floor. In *Weiskopf*, the court held, explicitly, that a jury cannot make an inference as to whether a substance was on the floor long enough for the defendant to have constructive knowledge of its presence in the absence of some evidence from which "a jury can draw an inference of how long the substance was on the floor." 271 Or at 632. As the court said there,

> "[w]e are unable to understand how one can draw an inference from the fact that the floor had not been swept or inspected for a specific time that a substance has been on the floor a sufficient length of time to be discovered in the exercise of reasonable care."

*Id*. at 633. The expert testimony described by plaintiff's counsel could not conceivably have addressed that required issue. That is because the adequacy of defendant's inspection schedule does not provide any evidence from which an inference can be made as to *when* the substance came to be on the floor. *See Pavlik*, 253 Or at 374-75 (The defendant's sweeping schedule was "relatively irrelevant in the absence of any evidence as to the length of time the leaf had been on the floor"); *see also Hinchman*, 270 Or App at 570 ("[I]f the point or points put at issue by a defendant's summary judgment motion could not conceivably be proven through expert testimony, but necessarily would require proof by testimony from witnesses with personal knowledge, then an ORCP 47 E affidavit will not, on its own, preclude summary judgment.").

To avoid summary judgment, plaintiff, as the non-moving party, had the burden to produce evidence on any issue raised by defendant in its motion as to which plaintiff would have had the burden of persuasion at trial. *Fields v. City of Newport*, 326 Or App 764, 767, 533 P3d 384, *rev den*, 371 Or 476 (2023). Here, because plaintiff would have the

burden of persuasion on her negligence claim at trial, she bore the burden of production at summary judgment of evidence necessary to establish her claim of premises liability based on a theory of constructive knowledge. The record on summary judgment does not include any evidence from which a jury could find that the substance that caused plaintiff to slip had been on the floor for a sufficient amount of time to permit a finding that defendant reasonably should have known of its presence. Thus, plaintiff has failed to demonstrate a genuine dispute on a material question of fact of defendant's constructive knowledge, and we conclude for that reason that the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.