Argued July 18, affirmed October 8, reconsideration denied November 15, petition for review denied December 18, 1979 (288 Or 173)

# SALSGIVER,
*Respondent,*
*v.*
# E. S. RITTER CO.,
*Appellant.*
## (No. A7703-04278, CA 11136)

600 P2d 951

Edward H. Warren, Portland, argued the cause for appellant. With him on the briefs were Acker, Underwood, Beers, Smith & Warren, and Milton R. Smith, Portland.

Mark McCulloch, Portland, argued the cause for respondent. With him on the brief were Powers & McCulloch, and Tomas Finnegan Ryan, Portland.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Ponderosa Construction Company was the general contractor for the construction of a building in Portland. Plaintiff acted as Ponderosa's foreman. Before commencing construction, Ponderosa subcontracted with defendant E. S. Ritter Co. to perform demolition work on existing structures at the building site. The demolition work took place between June and September, 1975. Thereafter, defendant's direct involvement in the project ceased. However, at Ponderosa's request, defendant leased a backhoe to Ponderosa for continued use in preparing the construction site. Defendant also "leased" the services of two of its employees to Ponderosa to operate and maintain the backhoe. The principal operator provided by defendant was Finis Bales. On November 13, 1975, while Bales was operating the machine, plaintiff was struck by the backhoe and incurred injuries. He brought this action against defendant, contending that defendant is vicariously liable for the injuries caused by its employee Bales' negligence. Defendant argues that, at the time of the plaintiff's injury, Bales was a loaned servant of Ponderosa. The jury found in plaintiff's favor, and defendant appeals from the ensuing judgment.

■ Defendant first assigns as error that the trial court erred in denying its motion for a directed verdict. The basis for the motion was that there was no evidence from which the jury could find that Bales was the servant of defendant in connection with the act which resulted in plaintiff's injury.

Denial of the motion was correct. There was evidence indicative of a continuing master-servant relationship between Bales and defendant, including: defendant leased the machine to Ponderosa and selected the operators; the machine was a complex one, the operation of which required technical or specialized skills; Bales had control over the manner of performing his services, free of any significant supervision from Ponderosa; and defendant continued to pay

Bales' salary and billed Ponderosa for the use of the machine and the services of its operators at amounts above cost. Further, no evidence presented by defendant necessarily overcame the "factual presumption" that Bales remained in the employ of the defendant— his original master. *See Penrose v. Mitchell Bros.,* 246 Or 507, 513, 426 P2d 861 (1967).

Defendant next contends that the trial court erred in refusing to instruct the jury that any damages awarded to plaintiff would be nontaxable. Defendant relies on *Geris v. Burlington Northern, Inc.,* 277 Or 381, 561 P2d 174 (1977), in which the court, *applying federal law,* concluded

> "*** that, at least in future actions arising under federal substantive law, an instruction cautioning the jury not to increase or decrease plaintiff's award for any imagined impact of taxes should be given when requested." 277 Or at 396.

However, the court also noted:

> "Our own court, in previously ruling on this same issue, has held that the failure to give a similar instruction was not reversible error. *Plourd v. Southern Pac. Transp. Co.,* [266 Or 666, 513 P2d 1140 (1973)]. This is the uniform rule in almost all other state courts as well, *see* Annot., 63 ALR2d 1393 (1957) *and* ALR2d Supp. Service. ***"

We do not understand *Geris* to hold that an instruction of the kind in question must be given in cases which do not involve federal substantive law, or as overruling *Plourd.* Moreover, even had the trial court's failure to give the instruction been error, nothing in the record or the briefs suggests prejudice to the defendant.

Defendant's remaining assignment of error is that the jury could have been confused or misled as to which party had the burden of proving whether Bales was defendant's or Ponderosa's servant by the combination of certain language in the trial court's instructions and in the statement of issues which was submitted to the jury. The instructions to which defendant refers are:

[550]

"A party has the burden of proving by a preponderance of the evidence any claim made in that party's pleadings, and in the absence of such proof the party cannot prevail as to that claim. Now, that's a rather complex way of saying something that is really very simple. If a party makes a claim in their pleading that party has the burden of proving it. Now, the Plaintiff has made certain claims which the Defendant has denied. The burden of proving those claims rests with the Plaintiff. In turn, the Defendant has made certain claims in its Answer and the Defendant has the burden of proving those things. ***.

"* * * * *

"When you go to the jury room you are going to have with you, first of all, the various exhibits which were received in the course of the trial. Those exhibits are evidence, just as the testimony of a witness is evidence in this case. You will also have with you a statement of issues. This will take the place of the pleadings that I referred to, and it does outline the contentions of both Plaintiff and Defendant. You may look at this and see what the parties are claiming and what each party has to prove."

The relevant language in the statement of issues is:

"Defendant denies that at the time of the accident the backhoe operator was an employee of E. S. Ritter Co., Inc., and contends he was a loaned employee of Ponderosa Construction Co."

As defendant correctly notes, plaintiff had the burden of proving that a master-servant relationship between Bales and defendant existed at the time of the relevant events. *See Gossett v. Simonson,* 243 Or 16, 26, 411 P2d 277 (1966). Defendant argues that, in light of the instruction that each party had this burden of proving the claims in its pleadings, the reference in the statement of issues to defendant's contention that Bales was a loaned employee of Ponderosa could have implied to the jury that defendant was required to prove that contention.

The trial judge referred to defendant's contention because he believed he was required to apprise the

jury of the allegations in the pleadings, and because defendant raised Bales' purported loaned servant status as an affirmative defense. Evidence of that status could have been presented by defendant under its general denial of plaintiff's allegations of liability, so the affirmative defense pleading was surplusage. However, even if the issue had not been pleaded in that manner, under the statutory duty to "submit to the jury an impartial written statement summarizing the issues to be decided" (ORS 17.320), the court had to tell the jury what was in contention between the parties. Perhaps it would have been appropriate for the court to have supplemented his submission of the statement of issues in some clarifying manner, but he was not asked to do that. It was not error to do what the statute commanded, and the court's statement is not claimed to have violated the standard of impartiality.

■  In any event, there was no realistic possibility that the instructions and statement of issues, taken as a whole, could have confused or misled the jury in the way defendant suggests. In addition to the instructions the defendant sets forth in its assignment of error, the trial judge also instructed the jury:

> "The claim in this case is that the Defendant acting through its employee, Finis Bales, was negligent. ***
>
> "The Plaintiff alleges in his Complaint that he was injured by the negligence of the Defendant E. S. Ritter Company acting through its employee, Finis Bales. The Defendant denies that Mr. Bales was its employee at the time of the accident.
>
> "The Defendant Ritter Company acknowledges that Mr. Bales was on its payroll, but contends that at the time of the accident Bales was on loan to Ponderosa and was therefore the special employee of Ponderosa."

In full context, the instructions told the jury that the plaintiff alleged and that the defendant denied Bales was defendant's employee, and that the burden of

[552]

proof on that issue was plaintiff's. The instructions were clear as to which party had the burden of proving whether Bales was defendant's servant. The chance of the jury believing that defendant had the burden of proof on the loaned servant question was so little as to be virtually non-existent.

Affirmed.