Argued and submitted April 11, on appeal reversed and remanded with instructions; affirmed on cross-appeal June 4, 1986

AUDAS,
*Appellant - Cross-Respondent,*

*v.*

MONTGOMERY WARD, INC.,
*Respondent - Cross-Appellant.*

(A8304-02562; CA A35397)

719 P2d 1334

Kelly K. Brown, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Mildred J. Carmack, Portland, argued the cause for respondent - cross-appellant. With her on the brief were Ancer L. Haggerty, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a negligence action for personal injuries that resulted when plaintiff slipped and fell in defendant's store. The jury returned a verdict for plaintiff, and the trial court granted defendant's motion for judgment n.o.v. We reverse and remand.

■  When reviewing the propriety of a judgment n.o.v., we view the evidence in the light most favorable to the party that prevailed before the jury and reinstate the verdict, unless we can affirmatively say that there is no evidence to support it. *Jacobs v. Tidewater Barge Lines,* 277 Or 809, 562 P2d 545 (1977); *Caldwell v. Pop's Homes, Inc.,* 54 Or App 104, 634 P2d 471 (1981).

■  Plaintiff was injured when she slipped and fell after stepping in a liquid substance on the floor in defendant's store. According to plaintiff's evidence, the substance was either melted ice cream, a chocolate milkshake or an Orange Julius. There was evidence that it had "a kind of a glaze over the top of it," it was "gooey," and there were "areas around the puddle that looked almost dry * * * or crusted over." There was also evidence that, after plaintiff slipped through the liquid, it did not re-form into a puddle, but retained the slide mark where plaintiff had slipped. The liquid got on plaintiff's slacks but did not drip off.

Plaintiff argues that the jury could have made a reasonable inference from the condition of the substance that it had been on the floor a sufficient length of time that defendant, in the exercise of reasonable diligence, should have discovered and removed it. Defendant contends that there was no evidence of how long the substance had been on the floor, and therefore the judgment n.o.v. was correctly granted.

Defendant relies heavily on *Dubry v. Safeway Stores,* 70 Or App 183, 689 P2d 319 (1984), *rev den* 298 Or 470 (1985). That reliance is misplaced. In *Dubry,* the condition of a substance on the floor, a clump of dry, compressed, leafy material on which the plaintiff slipped and fell, could have been the same whether it had been there a very short time or a long time. Thus, the condition of the substance itself was of no assistance in determining whether it had been on the floor long enough that the store should have known of it and taken

measures to alleviate the dangerous condition. Here, however, there was evidence that the liquid substance had crusted over and had begun to dry. Although there was no expert testimony indicating the time that it would take for such crusting and drying to begin, the jury could reasonably infer, based on common knowledge, that a liquid substance would have to be on the floor more than a short time to assume that appearance. Accordingly, the verdict was supported by evidence and it was error for the trial court to grant judgment n.o.v. for defendant.

■    Defendant cross-appeals, assigning error to the trial court's failure to give certain instructions. First, it challenges the failure to instruct the jury that the award of a money judgment for plaintiff would be free from tax. Neither the Supreme Court nor this court has ever held that such an instruction is necessary in a state court negligence action, *see Geris v. Burlington Northern, Inc.,* 277 Or 381, 561 P2d 174 (1974); *Salsgiver v. E.S. Ritter Co.,* 42 Or App 547, 600 P2d 951, *rev den* 288 Or 173 (1970), and we will not so hold now.

■    Second, defendant contends that the trial court erred in refusing to instruct on its theory of the case, *i.e.,* that plaintiff failed to maintain a proper lookout and to maintain control over bodily movements. We agree that the trial court erred in failing to instruct the jury on plaintiff's duty of care regarding these two specifications of contributory negligence. Each party is entitled to have its theory of the case presented to the jury, and the court should instruct on both the plaintiff's and the defendant's specifications. However, looking at all of the instructions actually given, we cannot say that failure to instruct was prejudicial. The trial court instructed on the general duty of care. Additionally, in its review of the pleadings, the trial court specified defendant's allegations of failure to maintain a lookout and failure to maintain control over bodily movements. The jury was further instructed on the intricacies of comparative negligence. The special verdict form specifically asked whether plaintiff was negligent. Viewing the instructions as a whole, we believe that the jury was adequately instructed on defendant's theory of the case.

On appeal, reversed and remanded with instructions to reinstate the verdict; affirmed on cross-appeal.