Argued and submitted June 27, reversed and remanded December 4, 1986

O'DONNELL,
*Appellant,*

*v.*

FLOAN et al,
*Respondents.*

(A8310-06426; CA A36209)

728 P2d 956

J. Randolph Pickett, Portland, argued the cause for appellant. With him on the briefs was Sandra A. Hansberger, Portland.

Thomas W. Brown, Portland, argued the cause for respondents. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff seeks damages for injuries suffered when she fell on a stairway in the apartment building where she was a tenant. The trial court entered judgment on the jury verdict for the landlords, and plaintiff appeals. Because we conclude that the court erred in removing certain specifications of negligence from the jury's consideration, we reverse and remand.

The apartment building in which plaintiff had lived for approximately 20 years was constructed in 1912. Defendants purchased it in approximately 1935. It has an interior stairway that extends from the basement to the uppermost floor. From the first floor, the stairway descends to a landing where there is a 90-degree turn, then there are four steps down to a metal fire door that opens into the basement hallway. There is no landing on either side of the door, so a person descending the stairs is required to open the door, then step down into the basement hallway.

At the time of the fall, plaintiff was 86 years old and used a cane to aid in walking. Although she normally used the elevator, on the day of the fall it was not functioning, so she took the stairs. As she reached the bottom of the stairs, she fell and landed in the basement hallway. The only person to witness the event heard her tumble and saw her come through the stairwell fire doorway and land on her back. Plaintiff has no memory of the fall or the resulting hospitalization. She made various statements at or near the time of her admission to the hospital in which she said that she "slipped off last step and twisted [her] leg" and that she "experienced some difficulty in using the stairs and tripped on the last step." The hospital discharge summary states:

> "The patient stated that she was taking the stairs to the ground floor of her residence. As she stepped off the last step, she experienced some difficulty, tripped and fell."

Plaintiff contends that the trial court erred in striking her allegations that defendants were negligent in failing to have a landing on both sides of the door at the bottom of the stairwell and in having a one step drop-off into the hallway after the doorway. The court allowed the jury to consider two other allegations of negligence: that the fire door requires

excessive initial force to open but then swings open without much effort and failure to provide adequate lighting. Plaintiff's theory is that the four conditions combined to create an unreasonably dangerous condition that caused her harm and that all four allegations should have gone to the jury.

■ An allegation of negligence should be taken from the jury only if it is not supported by some evidence or if there is no evidence that the negligence is causally connected to plaintiff's harm. *Strutz v. Columbia Orthopedic,* 56 Or App 612, 643 P2d 352 (1982). If there is evidence that defendants were negligent with respect to the two stricken allegations and that there was a causal connection between the negligence and plaintiff's injury, the trial court erred in removing them from the jury.

■ In Oregon, a landlord's liability is as stated in Restatement (Second) Torts § 360 (1965):

> "A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

*See Woolston v. Wells,* 297 Or 548, 687 P2d 144 (1984). Thus, plaintiff must establish, with respect to the allegations of negligence: (1) the existence of a dangerous condition; (2) that defendants in the exercise of reasonable care could have discovered the condition and the unreasonable risk it posed; and (3) that defendants could have made the condition safe.

Plaintiff introduced the testimony of a mechanical engineer who is an accident reconstruction expert that the lack of a landing creates an unsafe condition and that having a step down immediately after the fire door is an unsafe condition. He also testified that the numerous conditions collectively described in the allegations combined to make the stairway unsafe. No one seriously contends that defendants, in the exercise of reasonable care, could not have discovered the condition or the unreasonable risk which it posed. Neither

is there a serious argument that defendants could not have made the area safe. There was credible evidence to support the allegations of negligence.

■■    Defendants argue that, even if they were negligent in maintaining the stairwell, there is no evidence that the condition caused plaintiff's fall and the resulting injuries. In negligence actions, causation is usually a question of fact. *Simpson v. Sisters of Charity of Providence,* 284 Or 547, 588 P2d 4 (1978). At the time of the trial, plaintiff was unable to recall what led to her fall, and there were no eyewitnesses to the precipitating event. However, the medical history plaintiff gave at the time of the injury indicated that she tripped or slipped off the last step, thus providing the needed connection between the allegation of negligence and the injury. Moreover, an eyewitness did see her coming through the doorway and falling. A reasonable jury could have found, in the circumstances, that the unreasonably dangerous condition caused plaintiff to fall. We hold that the trial court erred when it removed the two allegations from the jury.

Because of our reversal, we must address plaintiff's final assignment regarding the trial court's failure to give a requested instruction that the building code could be considered in determining the standard of care. She argues that *Shahtout v. Emco Garbage Co.,* 298 Or 598, 695 P2d 897 (1985), controls and allows jury consideration of the building code. In *Shahtout,* the Supreme Court considered whether the jury in a personal injury action could consider a workers' compensation regulation requiring a back-up warning device on vehicles. The plaintiff, who was not an employe of the defendant, was injured when the defendant's truck, which lacked a warning device, backed up and struck her. The rule requiring the warning device was mandatory, so any violation was a breach of a duty imposed by the rule. The defendant argued, however, that, because the rule was promulgated to protect employes who worked in close proximity to vehicles and because the plaintiff was not an employe, the rule had no application to the standard of care.

The Supreme Court disagreed. It held that the trial court was required to determine the purpose of the rule and the nature and the circumstances of the risk to which the rule was addressed, especially whether the contemplated risk was

peculiar in nature or gravity to employes' position in the workplace, or whether the risk was also shared by non-employes. If, following that analysis, the trial court should determine that the rule should be considered, it could be taken into account to help determine the standard of care.

■    What is most relevant here, however, is the court's acknowledgment in *Shahtout* that the rule would have no application in a situation where the employer fit within an exception to the rule requiring back-up warning devices. In such a circumstance, the court said, the rule should not be considered by the factfinder on the issue of due care. 298 Or at 606. Here, the building code was concededly not applicable to the apartment building when it was constructed in 1912.[1] Because defendant was under no obligation to comply with the code, its terms should not be considered in determining the standard of care. Accordingly, the trial court properly refused to instruct the jury as plaintiff requested.[2]

Reversed and remanded.

---

[1] There is no evidence that the code was applicable to the building at the time of plaintiff's fall. Plaintiff alleged that, in late 1980, general repair work was done on the building and that, pursuant to Sec. 104(a) of the Uniform Building Code, defendants were required to bring the building up to code. Neither party mentions that allegation or any supporting evidence in its brief. We do not consider whether, if the allegations were proven, an instruction regarding the building code would be appropriate.

[2] Two of the three requested instructions were inapplicable in any event, because they set standards for "exits" and "exit doors," and the trial court specifically concluded that the door at the base of the stairway was not an exit. Plaintiff has not assigned that holding as error.