Argued and submitted May 2, 1986, reversed and remanded with instructions
February 25, 1987

WELLS,
*Appellant,*

*v.*

HOME PURCHASING CORPORATION et al,
*Third-Party Plaintiff-Respondent.*

(A8209-05682; CA A35734)

733 P2d 898

Alan M. Scott, Portland, argued the cause for appellant. With him on the brief was Galton, Popick & Scott, Portland.

Barry Shanks, Portland, argued the cause for third-party plaintiff-respondent. With him on the brief were Michael A. Lehner, and Mitchell, Lang & Smith, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff[1] appeals a judgment for defendant[2] notwithstanding the verdict for plaintiff in her action for personal injuries which she sustained when she slipped on some debris and fell on the unlighted front steps leading from the porch of a vacant residence that defendant owned. We reverse.

The court had instructed the jury to determine if defendant was negligent:

"First, in failing to provide adequate or any overhead lighting for the front porch of the premises;

"Second, in failing to provide adequate or any lighting for the steps of the premises;

"And third, in failing to remove leaves, shrubbery and accumulated debris from the front porch and front steps of the premises."[3]

The verdict provided:

"We, the jury find:

"1.    Was defendant Home Purchasing Corporation negligent in one or more of the respects claimed in plaintiff's complaint which was a proximate cause of damage to plaintiff?

"ANSWER      Yes      (insert yes or no)."[4]

---

[1] We refer to Ruth G. Wells only as "plaintiff." The claim of Robert J. Wells was withdrawn before trial, and the court entered a judgment that dismissed his claim.

[2] We refer to Home Purchasing Corporation, the owner of the residence, as "defendant." The court entered judgment on a jury verdict for E. G. Stassens, Inc., on Home Purchasing Corporation's third party complaint against it for indemnity. Stassens is not a party to this appeal.

[3] Plaintiff's complaint contained seven specifications of negligence. The court, however, submitted only three to the jury. The parties treat the first two specifications, which encompass a claim of inadequate lighting, as a single specification of negligence, and so do we.

[4] The jury verdict also provided:

"2. Was plaintiff negligent in one or more of the respects claimed in defendant Home Purchasing Corporation's answer which was a proximate cause of damage to plaintiff?

"ANSWER      Yes      (insert yes or no).

"* * * * *

"What is the percent of each of the plaintiff and defendant Home Purchasing Corporation's negligence which caused damage to plaintiff?

"ANSWER      DEFENDANT HOME PURCHASING CORPORATION  50%

Defendant moved for judgment *n.o.v.*, ORCP 63, or, in the alternative, for a new trial, ORCP 64,

"on the grounds that plaintiff failed to produce evidence at trial from which a jury could conclude that defendant was negligent and failed to produce evidence from which a jury could conclude that any alleged negligence was the cause of plaintiff's injuries."

Plaintiff argues that there was evidence from which the jury could find that defendant was negligent in failing to provide adequate lighting for the front porch and steps and to remove debris from the steps and that defendant's negligence caused the accident. Because the verdict is not specific, we do not know whether the jury found for plaintiff on one or both of the specifications. We review the evidence in the light most favorable to plaintiff. *Jacobs v. Tidewater Barge Lines,* 277 Or 809, 562 P2d 545 (1977); *Audas v. Montgomery Ward, Inc.,* 79 Or App 718, 719 P2d 1334 (1986). If there is evidence of negligence and causation as to either specification, the court erred when it granted defendant judgment *n.o.v.*

A jury could have found these facts. About 5:30 pm on November 9, 1980, plaintiff, a real estate salesperson, showed the residence to a prospective buyer. Plaintiff was unfamiliar with the premises. She had entered the residence through a side door but left through the front door to return to her car to get additional information for the buyer. It was dark, the front porch and steps were unlighted, and plaintiff unsuccessfully tried to turn on the front porch light, using an indoor wall switch near the front door. Neither plaintiff nor the prospective buyer knew that the porch light was on a timer located in another part of the house and that it could only be turned on by manually overriding the timer in accordance with instructions that were posted over it. Plaintiff fell as she stepped down from the porch to the steps. She was not sure at the time why she fell. Some rain had fallen earlier in the day, and it was damp outside. She could not see as she stepped from the porch

"ANSWER     PLAINTIFF                                    50%

"* * * * *

"7. "What were the plaintiff's total general and special damages:
    "ANSWER     $25,000"

to the steps, because there was no light. Later that evening, plaintiff's daughter-in-law saw that there were damp leaves and mud on the steps. She could see skid marks on the steps where plaintiff had slipped. Plaintiff returned to the residence the following day and found that the steps were covered with "silt," which she described as fine dirt, and she also saw skid marks.

Defendant does not dispute that, because it had listed the residence with a multiple listing service, it was reasonably foreseeable that persons unfamiliar with the premises would use the front porch and steps. There was evidence that other real estate salespeople had shown the home after dark and that they had used the front porch and steps. There was evidence from which the jury could find that it was reasonably foreseeable that a person using the steps might slip and fall if they were unlighted, that a stranger would not know of the existence or location of the manual system to override the timer and that defendant did not exercise reasonable care by simply providing that system. Moreover, although plaintiff did not know at the time what caused her to fall, there was evidence that she could not see the condition of the steps because there was no light. The jury could find that the absence of lighting was a substantial factor in causing plaintiff to fall. *See Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979); *see also O'Donnell v. Floan,* 82 Or App 656, 728 P2d 956 (1986).

Because there was evidence to support the verdict as to the specification of inadequate lighting, it is not necessary to determine if there was sufficient evidence to support the debris specification. The court erred when it granted defendant's motion for judgment *n.o.v.*

Reversed and remanded with instructions to enter judgment for plaintiff Ruth G. Wells.