Argued and submitted May 29, dismissed in part and reversed and remanded in part July 29, 1987·

## MURNO,
*Appellant,*

*v.*

## RICHARD'S FOOD CENTER, INC., et al,
*Respondents.*

(85-2838-J-1; CA A41351)

739 P2d 1097

Bryan E. Blodgett, Medford, argued the cause for appellant. With him on the briefs was Grantland, Smith & Grensky, Medford.

Garrison F. Turner, Medford, argued the cause for respondent Richard's Food Center. With him on the brief was Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

H. Scott Plouse, Medford, filed the brief for respondent Angus.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is a negligence action in which plaintiff seeks to recover for injuries sustained when she slipped and fell in defendant's store. She appeals the trial court's summary judgment for defendant.[1] We reverse.

Plaintiff entered defendant's store on a Sunday morning to get some soda pop. As she walked down the aisle near the produce bins, she slipped and fell, sustaining back and knee injuries. After the fall, she looked to see what had caused her to slip and saw grapes on the tile floor, some of which were "compressed to the point that they were merely a slimy substance on the floor."

A party moving for summary judgment has the burden of establishing that there are no triable issues of fact and that it is entitled to judgment as a matter of law. We draw all inferences of fact in favor of plaintiff as the party opposing the motion. *Dubry v. Safeway Stores,* 70 Or App 183, 689 P2d 319 (1984), *rev den* 298 Or 470 (1985). Plaintiff alleges that defendant was negligent in five particulars. She raises two issues which warrant discussion. First, she argues that there was evidence from which a factfinder could have made a reasonable inference that she had slipped on grapes which had been on the floor a sufficient length of time that defendant, in the exercise of reasonable diligence, should have discovered and removed them. She submitted parts of her deposition and her affidavit to support her memorandum in opposition to the motion for summary judgment. In her affidavit, she stated:

"After I fell I looked around and determined that I had slipped as a result of stepping on grapes which had been on the floor. Many of the grapes had become compressed to the point that they were merely a slimy substance on the floor. There were many black marks through the area which appeared to be grapes which had been run over repeatedly by shopping carts. The grapes which had not been run over were dirty as though they had been kicked around."

Plaintiff contends that the condition of the grapes

---

[1] The claim against defendant Angus was dismissed below. Plaintiff does not assign the dismissal as error, although she designated him as an adverse party and served him with the notice of appeal. In his brief, he asks that the appeal be dismissed as to him. Treating that as a motion to dismiss, we dismiss the appeal as to him.

creates a question of fact as to how long they had been on the floor, relying primarily on *Audas v. Montgomery Ward, Inc.,* 79 Or App 718, 719 P2d 1334 (1986),[2] in which we held that the condition of a spilled liquid substance on the floor would allow a reasonable inference that it had been on the floor more than a short time. There was evidence that the liquid substance had begun to glaze or crust over and, therefore, had been on the floor more than a short time. We distinguished *Dubry v. Safeway Stores, supra,* on the basis that

> "[i]n *Dubry,* the condition of a substance on the floor, a clump of dry, compressed, leafy material on which the plaintiff slipped and fell, could have been the same whether it had been there a very short time or a long time. Thus, the condition of the substance itself was of no assistance in determining whether it had been on the floor long enough that the store should have known of it and taken measures to alleviate the dangerous condition." 79 Or App at 720.

Unlike the condition in *Dubry,* the crusting over of the liquid substance in *Audas* could not have been caused by the plaintiff slipping on it. *Compare Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969) (lettuce leaf on which the plaintiff slipped and fell was "well marked").

The substance here, according to the evidence, falls somewhere between the leaves on the floor in *Dubry* and *Pavlik* and the liquid substance in *Audas.* The fact that the grapes where plaintiff fell were compressed after plaintiff slipped on them could, with equal probability, have been caused by her stepping on them or by other people stepping on them over a period of time. *Diller v. Safeway Stores, Inc.,* 274 Or 735, 548 P2d 1304 (1976); *Dubry v. Safeway Stores, supra,* 70 Or App at 189. As in *Pavlik,* they "could hardly have appeared otherwise after plaintiff stepped on [them]." *Pavlik v. Albertson's Inc., supra,* 253 Or at 375. However, plaintiff also stated that the grapes were merely a "slimy substance on the floor," that there were "black marks through the area which appeared to be grapes which had been run over repeatedly by shopping carts" and that those grapes that had not been run over were "dirty as though they had been kicked

---

[2] Our most recent opinion dealing with the same general issue is *Van Den Bron v. Fred Meyer, Inc.,* 86 Or App 329, 738 P2d 1011 (1987). That opinion does not alter what we said in *Audas,* and it is of no assistance to us here.

around." Defendant's store manager stated in his deposition that the black marks on the floor "would probably be from a grocery cart * * * possibly going through the grapes." There was evidence that plaintiff was not using a grocery cart. A factfinder could draw a reasonable inference from the evidence that the grapes were in that condition because they had been on the floor more than a short time and that they had been there "long enough that the store should have known of it and taken measures to alleviate the dangerous condition." *Audas v. Montgomery Ward, Inc., supra,* 79 Or App at 720.

Second, plaintiff argues that there was a question of fact as to whether defendant exercised reasonable diligence in ascertaining the condition of the premises. We agree. There was evidence that defendant had a policy to inspect the produce area every hour on the hour and that it maintained a "sweep sheet" that was initialed by the employe who inspected the area each hour. Although the "sweep sheet" had been initialed by a reliable employe on the day of plaintiff's fall, defendant's store manager stated that he never specifically asked the employe whether that day's sheet was accurate. Even assuming that the produce area was checked every hour, there is a question of fact whether a once an hour inspection in a produce area is reasonable. Defendant also had a policy that all employes were to pay attention to the condition of the floor and were immediately to clean up any dangerous condition that was noticed. However, there was nothing in the affidavits or depositions as to whether this policy was reasonable for ascertaining the condition of the premises or whether the employes complied with it. Because there are questions of fact concerning defendant's reasonable diligence, summary judgment should not have been granted.

Dismissed as to Glenn A. Angus; reversed and remanded as to respondent Richard's Food Center, Inc.