**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN RUTH TAYLOR, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THRIFTY PAYLESS, INC., DBA Rite Aid, a California corporation, <br><br> Defendant-Appellee. | No.   17-35471 <br><br> D.C. No. 3:16-cv-00474-HZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 12, 2018[**]
Portland, Oregon

Before:  CLIFTON and CALLAHAN, Circuit Judges, and BENITEZ,[***] District Judge.

Karen Ruth Taylor appeals the district court's grant of summary judgment in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

favor of Thrifty Payless, Inc., dba Rite-Aid. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court properly granted summary judgment on Taylor's four negligence claims. Taylor failed to establish any negligence claims because there was insufficient evidence from which a jury could conclude how long the puddle of liquid was on the store floor *before* the fall and whether Thrifty knew or should have known of its presence. To avoid summary judgment, Taylor was required to demonstrate that Thrifty knew or should have known of the puddle and failed to remove the puddle on which Taylor slipped. *See Van Den Bron v. Fred Meyer, Inc.*, 86 Or. App. 329, 331 (1987). A plaintiff's "failure to produce any other evidence about the length of time the [hazardous object] was on the floor is fatal to her claim." *Weiskopf v. Safeway Stores, Inc.*, 271 Or. 630, 632-33 (1975). In this case, Taylor could not provide any direct evidence and based nearly her whole argument on speculation and conjecture which is fatal to her negligence claims.

2.      The district court did not abuse its discretion in concluding no adverse inference to Thrifty should be drawn from Thrifty's failure to retain the video surveillance footage. The court fairly concluded that there was no prejudice suffered by Taylor due to the absence of the video evidence. There was enough other evidence for Taylor to construct an accurate timeline and the argument that

video might have supported Taylor's case in some other way was speculative. When relevant evidence is lost accidentally or for an innocent reason, *i.e.* in the absence of bad faith or intentional conduct by a defendant, an adverse evidentiary inference from the loss may be rejected. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002). The district court found that Thrifty did not destroy the video evidence in response to this litigation and that finding was not clearly erroneous.

**AFFIRMED.**